SHEPPARD *vs.* THE STATE.

[INDICTMENT FOR PETIT LARCENY.]

1. *Indictment for larceny; value of thing stolen must be averred.*—An indictment for larceny, which fails to aver the value of the thing alleged to have been stolen, is defective, unless the statute which makes the stealing of the particular thing a felony, without reference to its value, in which case it is unnecessary to aver value.

APPEAL from the Circuit Court of Randolph.
Tried before Hon. JOHN HENDERSON.

THE indictment in this case was found at the fall term, 1866, of said court, and charged, "that before the finding of this indictment, Moses Sheppard, a freedman, broke into and entered a building, commonly called a thrasher, of William Blake, in which said building wheat was de-

posited, and did feloniously take and carry away ten bushels of wheat, the personal property of William Blake, against the peace," &c.

At the spring term, 1868, the State having entered a *nolle prosequi* as to the charge of burglary, the defendant was tried on this indictment for petit larceny, and was found guilty.

JEFFERSON FALKNER, for appellant.
J. W. A. SANFORD, Attorney-General.

BYRD, J.—The indictment is not good for either burglary or larceny. A *nolle prosequi* was entered on the supposed charge of burglary, and the solicitor directed to proceed against the prisoner for *petit* larceny. There is no averment of value of the thing alleged to have been stolen. This is fatal.— *Wilson v. The State*, 1 Por. 116; *State v. Garner*, 8 Por. 447; Wharton's Criminal Law.

It has been held, that where a statute makes the stealing of a particular thing a felony, without reference to its value, then it is unnecessary to aver value.—1 Bish. Cr. Pro., § 234; 2 *ib.*, § 676, *et seq.* As the other questions raised on the record are not likely to occur in the same form on another trial, we deem it proper not to pass them.

For the insufficiency of the indictment, in the respect pointed out, the judgment of the court below is reversed and the cause remanded, and the prisoner will remain in custody until discharged by due course of law.