# Lucas *v.* The State.

*Indictment for Burglary of a Railroad Car, and for Larceny from a Railroad Car.*

1. *Absent witness; predicate for introduction of proof of his testimony on preliminary investigation.*—In a criminal trial, where the testimony given by a witness on a preliminary investigation of the charge against the defendant is sought to be proved, on the ground that the witness himself is absent at the time of the trial, it must be shown that the witness is beyond the jurisdiction of the court, having removed from the State permanently or for an indefinite time.

2. *Larceny; proof of value*—Section 3789 of the Code makes the stealing "of any personal property of any value from a railroad car" grand larceny; but an indictment therefor should be supported by some evidence of value.

3. *General charge on evidence; when should not be given.*—In a criminal case, when there is some evidence to show the defendant's guilt, a charge instructing the jury, that if they believe the evidence they should find the defendant not guilty, is properly refused.

APPEAL from the Criminal Court of Jefferson.

Tried before the Hon. S. E. GREENE.

The nature of the indictment in this case is stated in the

[Lucas v. The State.]

opinion. There was evidence tending to show that the defendant stole from a car of the Richmond & Danville Railroad Company "the property mentioned in the indictment." The testimony of one of the witnesses for the State, as stated in the bill of exceptions, tended to show that, when the defendant was arrested, "the silver watch mentioned in the indictment was found in his possession." The defendant requested the following written charges, and separately excepted to the court's refusal to give each of them as asked: "(1.) If the jury believe the evidence they will find the defendant not guilty of grand larceny." "(2.) If the jury believe the evidence they will find the defendant not guilty." "(3.) If the jury believe from the evidence that the defendant stole from a railroad car not used for carrying freight or passengers, and that the property stolen was of the value of less than twenty-five dollars, then the jury can not convict the defendant of grand larceny."

WM. L. MARTIN, Attorney-General, for the State.

COLEMAN, J.—The defendant was indicted for burglary of a railroad car, and in the second count for larceny from a railroad car. He was convicted on the second count.

At a preliminary examination of the defendant, Dock Tilly was examined as a witness by the State, and his testimony reduced to writing. On the trial after the indictment, Dock Tilly was absent, and against the objections of the defendant, his testimony given on the preliminary examination was admitted against him.

The rule in such cases is, that if a witness dies, or becomes insane, or has gone beyond the jurisdiction of the State permanently, or for such an indefinite time that his return is merely contingent or conjectural, the testimony of such witness may be proven on a subsequent trial.—*Pruit v. State*, 92 Ala. 41; 1 Greenl. Ev. (14 Ed.) § 163 and note; *Lowe v. State*, 86 Ala. 52; *South v. State, Ib.* 617; *Perry v. State*, 87 Ala. 30. The predicate for the introduction of the testimony of Dock Tilly, the absent witness, did not comply with the rule as here declared, and was insufficient. The preliminary proof simply shows "that several months ago said Tilly was seen at work in Atlanta, Georgia, where witness himself was at work, and had not been seen since; did not know where Tilly was nor where his home was, nor how long he worked in Atlanta. He had also seen him at work in Birmingham, Alabama, in September, 1891, repair-

[Walker v. The State.]

ing telegraph lines with witness at the time the larceny was committed." This proof is short of the requirement of the rule. It does not show that the absent witness had either gone beyond the State permanently, or for an indefinite time. It is as presumable from the facts stated that the home of the absent witness was in Alabama as that it was in Georgia. There is no proof that a subpœna was issued for him or any exertion made to find him, or any proof that he was not at the time of the trial within the jurisdiction of the State. The court erred in admitting the testimony of the witness Dock Tilly, given by him on the former trial.

The indictment does not follow the form prescribed for such cases in the Code. It simply charges the larceny of a watch. According to the prescribed form for an indictment under the section of the Code under which the indictment was framed, the watch should have been more accurately described, as a "gold watch," or "a silver watch." It is better to pursue the forms prescribed by statute.

There is also an entire absence from the bill of exceptions of proof of value. The section, 3787 of the Code, makes the stealing "of any personal property of any value from a railroad car" grand larceny, but there should be some evidence of value before the jury.—*Shepherd v. State*, 42 Ala. 531. We can not tell from the evidence set out in the record, upon what *data* the jury assessed the value at twenty-five dollars. There was no error in the refusal to give the charges requested by the defendant.

Reversed and remanded.