(92 South. 18)

**ALLEN v. STATE. (5 Div. 380.)**

(Court of Appeals of Alabama. Jan. 10, 1922.)

**1. Intoxicating liquors ⬳238(1) — Evidence held to present jury question.**

In a prosecution for violation of the prohibition law, *held* that the evidence adduced upon trial presented a jury question.

**2. Criminal law ⬳695(2) — Question calling for competent evidence not subject to general objection.**

The general rule is that, where a question calls for competent evidence, it is not subject to a general objection.

**3. Criminal law ⬳695(2) — Question asking what witness found on search for liquor held to call for competent evidence requiring specific objection.**

In a prosecution for violation of the prohibition laws, where the sheriff, after testifying that he had searched the premises of accused, was asked what he found, *held*, that the question called for competent testimony, so that it was not subject to general objection.

**4. Criminal law ⬳696(3)—Motion to exclude testimony without stating grounds insufficient.**

A motion to exclude testimony without stating the grounds therefor *held* properly overruled.

**5. Intoxicating liquors ⬳233(2) — Witnesses ⬳248(2)—Evidence describing what witness found on search for violation of prohibition law held material, and answer responsive to question.**

In a prosecution for violation of the prohibition laws, the evidence of a sheriff who had searched the premises of accused, detailing the finding of apparatus which constituted, as described, a whisky still, and that he also found beer which he tasted and pronounced intoxicating, *held* responsive to the question as to what he had found and material.

Appeal from Circuit Court, Chambers County; S. L. Brewer, Judge.

John Allen was convicted of violating the prohibition law and he appeals. Affirmed.

The following is count 2 of the indictment:

"And the grand jury of said county charge that before the finding of this indictment and more than 60 days since the 30th day of September, 1919, John Allen did manufacture, sell, give away, or have in possession a still, apparatus, or appliance or some device or 'substitute for a still, apparatus, or appliance to be used for the purpose of manufacturing prohibited liquors or beverages contrary to law, against the peace and dignity of the state of Alabama."

Demurrers were that said county charged no offense under the laws of Alabama; that it attempts to charge different offenses in the alternative, none of which constitute a violation of the law; that it fails to charge that defendant had in his possession any device for a still for the purpose of using same in the manufacture of liquor.

The evidence for the state tended to show that, within half a mile of Allen's house and just outside of his pasture, near a branch, an apparatus was found, in the shape of a box with double copper bottom, the remainder of the box being made of poplar wood. This box was found resting upon two buggy axles, over a place dug out in the ground near the branch, and in it was mash or beer fermenting and containing alcohol. Near it was found a copper worm or pipe, hidden under some straw, and nearby were found several tin cans empty. The buggy axles were painted red, where they were not burned or smoked, and up at Allen's house there was a buggy body painted black, four buggy wheels painted red, but no axles. Also at Allen's house were found pieces of poplar plank of the same width and thickness as those of which the still box was made. The state witnesses testified that there had been fire under the still and that its contents were fermenting.

R. J. Hooton, of Roanoke, for appellant.

Brief of counsel did not reach the Reporter.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

BRICKEN, P. J. The indictment contained two counts. Demurrers were interposed to the second count. This count meets every requirement of the statute, and the demurrers were properly overruled. The defendant was convicted "as charged in the indictment," and was duly sentenced to serve a term of imprisonment in the penitentiary of not less than 2 years nor more than 3½ years.

[1] This court, sitting en banc, has read the entire record, and as a whole have considered this case and have reached the conclusion that the evidence adduced upon the trial presented a jury question; therefore the refusal of the affirmative charge requested by defendant in writing was without error. Smith v. State, 16 Ala. App. 546, 79 South. 802.

[2-5] No other special charges were refused, nor was there any exception reserved to the oral charge of the court. There was no motion made for a new trial, and the remaining questions presented relate to the ruling of the court upon the testimony. Witness Lane, the sheriff, testified that he searched the premises of defendant, and the solicitor asked him: "What did you find?" To this question the defendant objected, but

the objection was general, no grounds being stated, and for this reason, if for no other, the court properly overruled same; the general rule being that, where a question calls for competent evidence, it is not subject to a general objection. It is clear that the evidence called for was competent. The motion to exclude the answer was made without stating the grounds of the motion, and the court properly overruled same. The answer of the witness was responsive to the question and was material, he having stated:

"I found a box about five feet long by four and a half feet wide and a foot or a foot and a half deep. There was beer in the box. It was sitting right where there was a cut out place in the ground by the side of the branch, and there was two buggy axles across that, and this box was on top of that, and this box was entirely full of beer, it was fermenting, and a fire had been under it, under this box. It had a copper bottom. I found a crooked pipe which came out of this box over into a condenser and this worm starts and that came into a trough. That is a piece of copper. It is part of a still, a still you make whisky with. * * * I tasted of that beer, I know what beer is. I drank some of it, it would make a man drunk," etc.

The several objections to this testimony and the motions to exclude are subject to the same criticism as above stated, and the court committed no error in its rulings in this connection. No other questions are presented for review. The record is free from error. It follows that the judgment of the circuit court must be affirmed.

Affirmed.

---

⊙═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes