### BELL v. STATE. (4 Div. 816.)

(Court of Appeals of Alabama. April 3, 1923.)

**1. Criminal law ⬤⇒696(5)—Motion to exclude testimony improper, in absence of objection to improper question.**

In the absence of a timely objection to a question calling for improper testimony, a motion to exclude the testimony cannot be made.

**2. Criminal law ⬤⇒696(3)—Motion to exclude testimony not stating grounds overruled.**

A motion to exclude testimony, not stating the grounds on which the motion was based, may be overruled.

**3. Criminal law ⬤⇒426—Self-serving declaration of codefendant held inadmissible.**

In a prosecution for homicide, defendant will not be permitted to testify concerning a self-serving declaration of a codefendant as to why he was carrying a gun.

Appeal from Circuit Court, Coffee County; Arthur B. Foster, Judge.

Monroe Bell was convicted of manslaughter in, the first degree, and he appeals. Affirmed.

Harwell G. Davis, Atty. Gen., for the State.

No brief· reached the Reporter.

BRICKEN, P. J. The defendant was charged, by indictment, with murder in the first degree, was convicted of manslaughter in the first degree, and sentenced to five years' imprisonment in the penitentiary.

During the progress of this trial, in the court below, several objections were interposed as to the introduction of testimony; these objections were overruled, but no exceptions were reserved to the court's rulings in this connection except in two instances. The two exceptions referred to are the only questions presented for review on this appeal, as no special charges were requested by defendant; nor was there any exception reserved to the court's oral charge, and no motion for new trial was made.

[1, 2] The first exception relates to the ruling of the court in denying the motion of defendant to exclude a certain portion of the testimony of state witness Dr. C. P. Hayes, as to the location and the range of the wounds of deceased. There was no error in this ruling. This witness was permitted, without objection, to testify as to these matters, and the motion to exclude was proper-·ly denied, it came too late. Even if this testimony was not permissible, which we by no means hold, in the absence of timely objection to the question calling for improper testimony, a motion to exclude the testimony cannot be made. Moreover the motion itself did ·not state any grounds and this, if for no other reason, justified the court in overruling the motion.

[3] The remaining and only other exception reserved upon this trial is equally without merit. During the direct examination of defendant, who testified in his own behalf, he was asked by his counsel: "What did Mr. Hughes tell you he was carrying that gun down there for?" The court sustained the state's objection to this question and properly so. The question called for a self-serving declaration of the codefendant, and was therefore inadmissible. 4 Ency. Dig. Alabama Reports, p. 199, § 268, and cases cited.

The court's rulings, which are presented for review, are without error. The record being also free from error, the judgment appealed from must be affirmed.

Affirmed.

---

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes