(104 So. 871)

### SOUTHERLAND v. STATE.   (6 Div. 676.)

(Court of Appeals of Alabama.   June 30, 1925.)

1. Intoxicating liquors ⊚⟿238(1)—Affirmative charge was properly refused, where accused's evidence constituted mere denial of testimony of state sufficient to convict.

In prosecution for possessing still, affirmative charge was properly refused, where accused's evidence constituted mere denial of testimony of state, which was sufficient to convict.

2. Criminal law ⊚⟿364(½) — Testimony that accused had unusual amount of sugar at time still parts were found held admissible as part of res gestæ.

In prosecution for possessing a still, testimony tending to prove that accused had in his possession, at the time still parts were found on his premises, an unusual amount of sugar held properly received as part of res gestæ.

3. Criminal law ⊚⟿475—Testimony of sheriff that articles were suitable to be used in manufacture of whisky held admissible.

In a prosecution for possessing a still, testimony of sheriff, after qualifying, that the articles found were suitable to be used in the manufacture of whisky held admissible.

4. Witnesses ⊚⟿317(2)—Willfully false testimony to material fact impeaches testimony of a witness.

It is the willfully false testimony to a material fact which impeaches the testimony of a witness.

5. Criminal law ⊚⟿785(12)—Instruction as to disregarding testimony of witness willfully testifying falsely to a material fact held erroneous.

Requested charge that the exhibition by any witness of anger and prejudice against accused or ill will, convincing jury that the witness willfully testified untruthfully as to any matter in the case, authorized jury to disregard in their discretion all testimony of such witness, and to acquit, if the conviction depended upon the testimony of such witness, held properly refused.

6. Criminal law ⊚⟿814(18)—Instruction as to disregarding testimony of witness willfully testifying falsely held properly refused as being abstract.

Requested charge that the exhibition by any witness of anger and prejudice against accused or ill will, convincing jury that the witness willfully testified untruthfully as to any matter in the case, authorized jury to disregard in their discretion all testimony of such witness, and to acquit if the conviction depended upon the testimony of such witness, held properly re-

---

⊚⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
[1] 20 Ala. App. 258.                    [2] 20 Ala. App. 283.

fused as being abstract; there being evidence by other witnesses establishing guilt.

**7. Criminal law ⬡⟿829(1)—Refusal to give requested charge covered in charges given, oral and written, held not ground for reversal.**

Refusal to give requested charge covered in charges given, oral and written, *held* not ground for reversal.

Appeal from Circuit Court, Winston County; R. L. Blanton, Judge.

Appleton Southerland was convicted of possessing a still, and he appeals. Affirmed.

Charge 13, refused to defendant, is as follows:

"(13) I charge you that [if] after you have considered all the evidence in this case you find that any witness in the case has exhibited anger, prejudice against the defendant or exhibited ill will against him, and which anger, prejudice, or ill will on the part of said witness has convinced you that he has testified untruthfully as to any matter in the case willfully, then you are authorized in your discretion to disregard all his testimony, and, if the conviction of the defendant depends upon the testimony of said witness, and you disregard his testimony, you should find the defendant not guilty."

C. L. Mayhall, of Haleyville, for appellant.

The burden is not upon the defendant to show he was not in possession of the still. The oral charge of the court to that effect was error. Hogland v. State, 20 Ala. App. 461, 102 So. 784. Charges requested by defendant stated correct principles and should have been given.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Testimony as to finding of sugar in defendant's possession was admissible as part of the res gestæ. Allen v. State, 18 Ala. App. 346, 92 So. 18. Evidence as to the suitability of the parts found for use as a still was properly admitted. Wilson v. State, 211 Ala. 574, 100 So. 917. Charge 13 was properly refused. McKenzie v. State, 19 Ala. App. 319, 97 So. 155.

SAMFORD, J. [1] It could serve no good purpose to set out the entire evidence in this case. Suffice it to say the evidence for the state was sufficient upon which to base a legal verdict, and that for the defendant was a denial of the testimony of the state's witnesses as to the material facts. That being the case, the affirmative charge was properly refused.

[2] The court properly admitted testimony tending to prove that defendant had in his possession, at the time the still parts were found on his premises, an unusual amount of sugar, the same being a part of the res gestæ. Allen v. State, 18 Ala. App. 346, 92 So. 18.

[3] It was competent for the sheriff, after qualifying, to testify that the articles found were suitable to be used in the manufacture of whisky. Wilson v. State, 211 Ala. 574, 100 So. 917.

[4-6] Refused charge 13 was properly refused for at least two reasons: (1) It is the willfully false testimony to a material fact which impeaches the testimony of a witness; (2) the charge is abstract, in that there was evidence by other witnesses establishing the guilt of defendant.

[7] Refused charge 15 was covered in given written charges and in the oral charge of the court.

Refused charge 17 is covered in the court's oral charge.

The exceptions to the court's oral charge are not sufficiently definite. Moreover, the excerpt as stated is in accord with the statute. Code 1923, § 4657; Wilson v. State, 20 Ala. App. 62, 100 So. 914.

We find no error in the record, and the judgment is affirmed.

Affirmed.