(113 So. 318)

## BRASWELL v. STATE. (4 Div. 252.)

Court of Appeals of Alabama. May 17, 1927.

Rehearing Denied June 7, 1927.

E. C. Orme, of Troy, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

Brief did not reach the Reporter.

SAMFORD, J. ▇ This court confesses its inability to understand the exact contention made by the appellant in his brief. On the trial it appears the defendant was present "in his own proper person and by his attorneys." A verdict of guilty was returned by the jury assessing a fine of $50. A judgment was then and there rendered against the defendant for the fine and costs, which was presently paid. This satisfied the judgment, so far as the fine and costs are concerned. Code 1923, § 5291. This did not necessarily end the prosecution. The court still had a right and the power to impose an additional sentence to hard labor, as additional punishment, which, at a later day of the term, it proceeded to do. Code 1923, §§ 3485, 5278.

▇ That the imposition of this additional punishment was delayed from May 3d, the date of the verdict, until May 7th, the date of sentence, can avail the defendant nothing. The judgment was at that time within the breast of the court.

We find no error in the record, and the judgment is affirmed.

Affirmed.

(113 So. 318)

## REDDING v. PHENIX CITY. (4 Div. 280.)

Court of Appeals of Alabama. June 7, 1927.

Frank M. de Graffenried, of Seale, for appellant.

Roy L. Smith, of Phenix City, for appellee.

Brief did not reach the Reporter.

RICE, J. In a prosecution for the violation of the terms of a city ordinance, except in certain specified cases, of which this is not one (Acts 1915, p. 294), it is essential that the ordinance in question, properly authenticated, be introduced in evidence. Smith v. Town of Eclectic, 18 Ala. App. 329, 92 So. 212. This was not done in this case, and for that reason the judgment must be reversed and the cause remanded.

Reversed and remanded.