200 So. 795
**THOMPSON v. CITY OF SYLACAUGA.**

**7 Div. 548.**

Court of Appeals of Alabama.

March 4, 1941.

J. Forman Smith, of Sylacauga, for appellant.

Alfred T. Gaut, of Sylacauga, for appellee.

BRICKEN, Presiding Judge.

The record filed upon this appeal is redundant with error and confusion. It shows that an affidavit was made by one W. F. Temple, who was a police officer of the City of Sylacauga, Talladega County, Alabama, before C. W. Lee, Recorder of said city. This affidavit recites that the affiant had probable cause for believing and did believe, that within twelve months before making of said affidavit, the offense of violating Section 851 of the Code of the City of Sylacauga, Alabama, adopted January 7, 1924, providing that any person who steals any personal property must on conviction be punished as provided in this Article, has been committed in said city by John Henry Thompson. This affidavit shows that it was sworn to and subscribed on the 16th day of June, 1937.

Said record also shows that on said 16th day of June, 1937, the said C. W. Lee, Recorder, issued a warrant of arrest as follows: "Complaint on oath having been made before me that the offense of stealing a suit of clothes from Sam Jennings has been committed in the city of Sylacauga, in violation of the ordinance of said city within 12 months before the issuance of this warrant, and accusing John Henry Thompson, therefore, you are hereby commanded forthwith to arrest John Henry Thompson and bring him before the Recorder."

The endorsement on this warrant shows it was executed on the 16th day of June, 1937, by placing said named defendant under arrest.

It is to be noted that the affidavit charged a violation of a section of the city Code of the City of Sylacauga, while the warrant charges that the act complained of was committed in violation of an ordinance of said city.

Next appearing in this record is what purports to be a judgment of conviction pronounced against the said John Henry Thompson, defendant, by C. W. Lee, City Recorder, of said City of Sylacauga.

The judgment appearing in this record purports to be a copy of the Mayor's Docket, K, page 229, Case 685, styled City of Sylacauga v. John Henry Thompson, charged with petit larceny, and is dated "6/16/37," which judgment is as follows;

"Defendant appears in open Court and in his own proper person and pleads not guilty and after hearing the allegations and proof, the Court finds the defendant guilty as charged and fines him Ten Dollars and costs.

"Comes the defendant with his Sureties in open Court and confesses judgment for

74

the fine and costs in this cause, for which let execution issue, the defendant failing to pay or secure said fine and costs, he is hereby sentenced to hard labor on the streets of Sylacauga for 20 days.

"Case appealed by Attorney to Circuit Court."

It is to be observed that the affidavit, the warrant, and the above judgment are all dated June 16, 1937.

It is to be emphasized that said judgment expressly recites that the defendant and his sureties in open court confessed judgment for the fine and costs. Section 1936 of the Code of Alabama, 1923, as amended by Gen.Acts 1927, p. 217, provides that the Recorder trying any person for violating any by-law or ordinance of the city, if the defendant is convicted: "May accept a confession of judgment of the defendant and sureties for the fine and costs which may contain a waiver of exemptions as to [personalty], and if such judgment is not paid in thirty days the recorder shall issue an execution thereon against the defendant and sureties," etc.

■ The above judgment shows a proper confession by defendant and his sureties for the fine and costs. Under the above statute, the Recorder had no power or authority to immediately, after taking such confession of judgment, sentence the defendant to 20 days' hard labor upon the streets of Sylacauga for payment of fine and costs.

■ This record also shows that on the 17th day of June, 1937, Sam Jennings made an affidavit before C. W. Lee, Recorder, alleging under oath that he had probable cause for believing and did believe that within twelve months before making said affidavit, the offense of petit larceny, stealing a suit of clothes from Sam Jennings, had been committed in the City of Sylacauga by John Henry Thompson. This affidavit is clearly and plainly an attempt to charge John Henry Thompson with the violation of a misdemeanor statute of the State of Alabama, viz: Code of Alabama 1923, Section 4908, which defines and prescribes punishment for the offense of petit larceny, and of which the Recorder had jurisdiction. Code 1923, Section 1945.

■ Very clearly, under said affidavit, it was the duty of the Recorder to issue a State warrant of arrest against the defendant for petit larceny, as the same is defined and punished by Section 4908 of the Code above referred to, if he deemed said affidavit sufficient to justify the issuance of any warrant of arrest at all.

The Recorder, however, did not issue a State warrant for the arrest of John Henry Thompson but on the contrary on the 17th day of June, 1937, he issued a warrant which recited that: "Complaint on oath having been made before me that the offense of petit larceny, stealing a suit of clothes from Sam Jennings has been committed in the City of Sylacauga, in violation of the ordinance of said City, within twelve months before the issuance of this warrant, and accusing John Henry Thompson, therefore you are hereby commanded forthwith to arrest him and bring him before the Recorder."

Upon this warrant appears the following endorsement: "Arrest made at 1:30 P. M. warrant issued at 5:30 P. M."

It is to be noted that the affidavit made by Sam Jennings did not allege that the offense of stealing a suit of clothes from Sam Jennings had been committed in the City of Sylacauga in violation of the ordinance of said city, and yet the warrant of arrest recites that the complaint did allege that the offense of stealing a suit of clothes from Sam Jennings had been committed in the City of Sylacauga in violation of the ordinance of said city.

It appears from the record that the last mentioned affidavit and warrant of arrest followed first the defendant's objection to an immediate trial filed in the Mayor's Court on the 17th of June, 1937; second, a written demand for a written copy of the complaint filed in said case on the 17th day of June, 1937; third, defendant's motion to quash his arrest upon the grounds that no affidavit had been filed with the court at the time the defendant was placed under arrest, and that the defendant was not arrested in the commission of the offense for which he was arrested, and that no warrant of arrest had at that time been issued charging the defendant with the violation of any ordinance of the City of Sylacauga, which was also filed on the 17th day of June, 1937.

Defendant's pleadings all show that his motions and objections were filed on the 17th day of June, 1937, while the judgment of conviction set out in this record shows that it was pronounced on the 16th day of June, 1937.

There is no judgment in this record upon the trial of this defendant on the 17th day of June 1937. Yet it appears from the appeal bond which was approved on the 17th day of June, 1937, by C. W. Lee, Judge of the City Court, or Recorder's Court of the City of Sylacauga as appears from the date of said appeal bond, and from the following recitals therein: "The condition of the above obligation is such that, whereas, on the 17th day of June, 1937 in the Recorder's Court of the City of Sylacauga, Alabama, Talladega County, the Defendant, John Henry Thompson was convicted of the offense of stealing a suit of clothes from Sam Jennings and was fined Ten Dollars and costs from which judgment of conviction the said Defendant has applied for and obtained an Appeal to the Circuit Court of Talladega County."

According to the recitals of this bond the judgment from which the appeal was taken is a judgment rendered on the 17th day of June, 1937, in the Recorder's Court of the City of Sylacauga, not for violating an ordinance of said city, or a section of the Code of said city, but for an offense as recited in said appeal bond of stealing a suit of clothes from Sam Jennings, which insofar as this record discloses was a State offense, if an offense at all.

When this case was called for trial in the court below the City of Sylacauga filed its complaint by its attorney, which bears no date of being signed and which does not show that it was ever filed, but it purports on its face to be a complaint in the circuit court of Talladega County, on an appeal from the Mayor's Court of the City of Sylacauga. This complaint charged that within twelve months before the commencement of this prosecution that John Henry Thompson did violate Section 851 of the Code of Laws of the City of Sylacauga, in that the said John Henry Thompson did steal personal property in the City of Sylacauga which is in substance as follows: "Section 851: Any person who steals any personal property must on conviction be punished as provided by this Article."

It is averred that the said ordinance, at the time of the violation thereof was in full force and effect in the City of Sylacauga, and the police jurisdiction thereof at the time the same was violated by the said John Henry Thompson.

A motion was made in the court below, by the defendant, to strike the affidavit dated June 16, 1937, hereinabove set out on the grounds alleged in said motion, which motion was overruled and denied by the trial court.

A motion to dismiss the charges made against the defendant and to order his release was filed by the defendant upon the appeal in the court below upon the grounds that in the Mayor's Ex Officio Recorder's Court of the City of Sylacauga, he had been denied both due process of law and the equal protection of the law as guaranteed under the State and Federal Constitutions. This motion was also overruled and denied by the trial court, the court holding that the case was properly in court on the warrant (whether the warrant dated June 16th, or the warrant dated June 17th not stated) the court saying, "The warrant speaks for itself. I am not going back of the warrant."

Both the warrant dated June 16, 1937, and the warrant dated June 17, 1937, charged the violation of a city ordinance.

■ It is the law of this State that municipal ordinances must be proven on prosecutions for their violation. Cooper v. Town of Valley Head, 212 Ala. 125, 101 So. 874.

Upon the trial of this case in the court below it does not appear that any Code of laws of ordinance book of the City of Sylacauga was ever actually introduced and read, or handed to the court upon the trial of this case. What transpired with reference to this question, as shown by the bill of exceptions, is as follows

"The Court: Do you admit the ordinance? Mr. Smith: Yes Sir.

"The Court: Let the record show that the City ordinance is admitted. You do introduce the ordinance? Mr. Gaut: Yes sir. I want to introduce the whole City Code, and also the ordinance.

"Mr. Smith: We object to the whole City Code.

"The Court: Well, all I am interested in is the ordinance. Mr. Gaut: Yes sir.

"The Court: All right. Introduce your evidence."

All that we can get from the above and foregoing is that the defendant admitted the due passage, promulgation and identi-

ty of an ordinance of the City of Sylacauga, but what the ordinance referred to is not shown by the bill of exceptions, or elsewhere in the record.

The defendant did not admit any city Code or section of the city Code. The ordinance so admitted, the record recites was introduced in evidence, but what that ordinance provided is not shown by this record. It was encumbent upon the City of Sylacauga upon the trial of the case in the court below to show, or to introduce in evidence, an ordinance of the City of Sylacauga prohibiting the commission of the offense of petit larceny within the incorporated limits of said city, or within the police jurisdiction thereof. This record does not show any such ordinance, and for this reason, insofar as this record is concerned, the City of Sylacauga failed to make out its case against the defendant and the court below, therefore, erred in pronouncing a judgment of conviction against this defendant.

In the complaint, which appears in this record, Section 851 of the Code of Laws of the City of Sylacauga is referred to as an ordinance, and that section, according to said complaint provides that insofar as the City of Sylacauga and its police jurisdiction are concerned, "any person who steals any personal property must on conviction be punished as provided by this article."

It is to be observed that said section of the City Code, as quoted in the complaint, does not itself fix any penalty for its violation other than to say any person convicted of stealing personal property in the City of Sylacauga must be punished as provided in this Article. The rule of law of this State, applicable to this case, is that a city, prosecuting one for violating an ordinance which does not fix a penalty, must introduce in evidence an ordinance which does impose a penalty. Bivins v. City of Montgomery, 13 Ala.App. 641, 69 So. 224. This was not done upon the trial in the court below.

It is further noted that Section 851 of the City Code of Sylacauga as set out in the complaint, shown in this record, does not prohibit the stealing of personal property, but it provides that any person who does steal personal property, must, on conviction, be punished as provided by this Article. What that punishment is, said section of the city Code does not show, nor was any other ordinance, or section of said city code showing that punishment, introduced in evidence upon the trial of this case.

If the ordinance which was introduced is in the language of Section 851 of the City Code of Sylacauga, it would be the duty of the courts to declare that ordinance void, because said section 851 declares that any person who steals any personal property must on conviction be punished as provided by this Article. The term "any personal property" is broad enough to include grand larceny, over which offense the municipality of Sylacauga had and has no jurisdiction whatever. Under said section the defendant could have been tried for the theft of any personal property that is made a felony under the laws of this State. Municipalities in Alabama have no power to adopt ordinances making municipal offense out of the violation of the felony statutes of this State. Their power in this respect is limited to misdemeanors. State v. Town of Springville, 220 Ala. 286, 125 So. 387.

There is another reason why the judgment of the court below cannot be permitted to stand, and that is that neither the affidavit, warrant of arrest, complaint, nor proof shows the value of the property alleged to have been stolen.

In the case of Sheppard v. State, 42 Ala. 531, it was said: "The indictment is not good for either burglary or larceny. A nolle prosequi was entered on the supposed charge of burglary, and the solicitor directed to proceed against the prisoner for petit larceny. There is no averment of value of the thing alleged to have been stolen. This is fatal."

In the case of Lucas v. State, 96 Ala. 51, 11 So. 216, 217, it was said: "There is also an entire absence from the bill of exceptions of proof of value. True, section 3789 of the Code makes the stealing 'of any personal property of any value from a railroad car' grand larceny, but there should be some evidence of value before the jury."

More than three years have elapsed since the alleged commission of the alleged offense, any further attempt to proceed with the prosecution would

be barred by the statute of limitations. Code 1923, Section 4930. Consequently it would be a useless thing to remand this case for another trial.

The judgment of conviction, in view of the above, is reversed and one is here rendered discharging the defendant.

Reversed and rendered.