The defendant was charged by complaint with assault in the third degree in violation of Mobile city ordinance 41-136 (the same crime as Alabama Code Section 13A-6-22 (1975)). He appealed his conviction in the municipal court to the circuit court where he was also convicted. Sentence was six months' imprisonment (thirty days to be served with the balance suspended for a period of two years), a fine of $500, and restitution.
The defendant argues that, under Jacobs v. City of Prichard,46 Ala. App. 497, 243 So.2d 769 (1971), it was incumbent on the city to plead and prove the ordinance under which it sought a conviction in a criminal proceeding since no statute provides for taking judicial notice of the ordinances of a city.
"Municipal ordinances must be proven on prosecutions for their violation." Cooper v. Town of Valley Head, 212 Ala. 125,127, 101 So. 874 (1924); Thompson v. City of Sylacauga,30 Ala. App. 72, 75, 200 So. 795 (1941). "In a prosecution for the violation of the terms of a city ordinance, except in certain specified cases, of which this is not one (Acts 1915, p. 294) (Title 7, Section 429 (1)), it is essential that the ordinance in question, properly authenticated, be introduced into evidence." Redding v. Phenix City, 22 Ala. App. 119, 113 So. 318
(1927).
Formerly, Alabama Code Title 7, Section 429 (1) (1940), provided that any court could take judicial notice of a municipal ordinance if that city was composed of a given population. However, that section was omitted in the new 1975 Alabama Code, see Table of *Page 715 
Comparative Sections in volume 2, and was therefore repealed.Shapiro v. City of Birmingham, 30 Ala. App. 563, 565,10 So.2d 38 (1942).
Section 429 (1) was superseded by Rule 9 (d) of the Alabama Rules of Civil Procedure. Appendix II, A.R.C.P. These rules "have no application in criminal proceedings." Committee Comments, Rule 1, A.R.C.P.
Although Alabama Code Section 12-14-7 (1975) provides that "a municipal court shall take judicial notice of the ordinances of the municipality in which it sits", there is no comparable provision for the circuit or appellate court. Judicial notice will not be taken of the ordinances of a city unless authorized by statute. State v. Friedkin, 244 Ala. 494, 497, 14 So.2d 363
(1943); Case v. Mayor of Mobile, 30 Ala. 538, 539 (1857). This rule is a "rule of evidence" and not of substantive law. Kingv. City of Montgomery, 42 Ala. App. 462, 168 So.2d 30 (1964);Shapiro, 30 Ala. App. at 566, 10 So.2d 38.
It has been held that because the prosecutor did not introduce any ordinance, the City failed to make out its case against the defendant and the court erred in pronouncing a judgment of conviction. Jacobs, supra; Felder v. City ofHuntsville, 42 Ala. App. 488, 168 So.2d 490 (1964); Thompson,30 Ala. App. at 76, 200 So. 795.
However, this issue was never raised in the trial court. As appellate counsel states in brief: "No evidence of Mobile Ordinance No. 41-136 was ever introduced in court, and no mention of the ordinance was ever made during the trial, except when the trial judge asked what penalty the ordinance carried."
This issue cannot be presented for the first time on appeal. The defendant's general motion to exclude the City's evidence on the ground that it had "failed to prove a prima facie case" did not preserve the City's failure to prove the ordinance under which the defendant was prosecuted. The attention of the trial judge should have been directed toward this particular defect.
The validity and applicability of the ordinance are not questioned. The defendant makes no contention that he was not informed of the nature of the charge or of the contents of the ordinance. "This court will not take note of error raised for the first time on appeal unless our refusal to do so would result in manifest injustice." United States v. Davis,656 F.2d 153, 155 (5th Cir. 1981).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.