FAULKNER, Justice.
This review is of the Court of Criminal Appeals’ 439 So.2d 714 judgment affirming the conviction of Earl Wayne Maxwell for intentionally causing physical harm to another. We reverse.
The prosecution was brought by the City of Mobile in municipal court. Maxwell appealed to the Circuit Court of Mobile County for a trial de novo. In the circuit court, Judge Robert Hodnette found Maxwell guilty and sentenced him to imprisonment in the City of Mobile jail for six months (thirty days to be served with the balance suspended for a period of two years), a fine of $500, and restitution.
Appeal was made to the Court of Criminal Appeals based on the City’s failure to plead and prove at trial the ordinance under which it prosecuted Maxwell. The Court of Criminal Appeals held that the “defendant’s general motion to exclude the City’s evidence on the ground that it had ‘failed to prove a prima facie case’ did not preserve the City’s failure to prove the ordinance under which the defendant was prosecuted. The attention of the trial judge should have been directed toward the particular defect.”
As expounded by Judge Bowen of the Court of Criminal Appeals, it is well established that in a criminal prosecution for violation of a city ordinance the city must plead and prove the ordinance. Cooper v. Town of Valley Head, 212 Ala. 125, 101 So. 874 (1924); Jacobs v. City of Prichard, 46 Ala.App. 497, 243 So.2d 769 (1971); Thompson v. City of Sylacauga, 30 Ala.App. 72, 200 So. 795 (1941). And it has been held when the city does not introduce the ordinance into evidence, it has failed to make out its case against the defendant and the trial court has erred in pronouncing the judgment of conviction. Jacobs v. City of Prichard, supra; Felder v. City of Huntsville, 42 Ala.App. 488, 168 So.2d 490 (1964); Thompson v. City of Sylacauga, supra.
Upon reviewing the record of the circuit court, we agree with the Court of Criminal Appeals that there is no question that the City of Mobile did not introduce the ordinance into evidence. Therefore, the matter on review here is whether the defendant’s motion to exclude the evidence preserved the issue of the City’s failure to prove the ordinance.
During the trial and after the close of the prosecution’s case, the following took place:
“MR. BODIFORD: That’s all, Judge.
“MR. HOLLOWAY: Judge, we would move to exclude on the—
“THE COURT: Deny the motion.
“MR. HOLLOWAY: Can I make my grounds, Judge?
“THE COURT: Yes, sir. Go right ahead and then I will deny it.
*717 “MR. HOLLOWAY: We move to exclude on the grounds that the City has failed to prove — on the following grounds, separately and severally: One, that the City has failed to prove a prima facie case. Two, that the City has failed to prove each and every allegation on the indictment. Three, the City has failed to prove facts of charge.
“THE COURT: This place in the City of Mobile?
“MR. DUNKLIN: Yes, sir.
“THE COURT: I am going to deny your motion, Mr. Holloway. I considered each one of your grounds and I will deny it. I think the City has proved a prima facie case. Do you wish to put on a case?
“MR. HOLLOWAY: Yes, sir.
“THE COURT: All right. Go right ahead.”
(emphasis added)
It is well settled in Alabama that a motion to exclude evidence which does not state the grounds on which the motion is based is properly overruled. Espey v. State, 270 Ala. 669, 120 So.2d 904 (1960); Bell v. State, 19 Ala.App. 169, 95 So. 784 (1923); Allen v. State, 18 Ala.App. 346, 92 So. 18 (1922). In Bell and Allen the Court of Appeals upheld the lower court’s actions overruling the motion to exclude evidence because the defendants stated no grounds.
In Espey, the appellant argued that the court erred in overruling his motion to exclude a statement made by the solicitor to the jury. Relying on Bell and Allen, this court said that “no ground was stated for the motion to exclude and the rule is that a motion to exclude without stating the grounds therefore is properly overruled.” Espey v. State, 270 Ala. at 674, 120 So.2d 904. In that case, however, this court did not apply the rule because the State and the defendant had stipulated prior to trial that when objections were made no grounds needed to be assigned unless called for by opposing counsel or the court.
In the case at hand, no such stipulation was made, and the rule can be applied. However, when defendant’s counsel moved to exclude the evidence, he stated the ground that the City had failed to make a prima facie case. In fact, the City had failed to establish jurisdiction and enter the ordinance, both necessary elements for its prima facie case. The trial judge subsequently established the City’s jurisdiction, but the ordinance was never offered into evidence.
To preserve the issue for appeal, it is necessary for defendant to state his grounds upon moving to exclude evidence; however, it is not necessary to draw the trial court’s attention to the particular defect. It is sufficient that the defendant state the ground that the prosecution has failed to make a prima facie case. Turner v. State, 266 Ala. 250, 96 So.2d 303 (1957); see also, R. Williams, Williams' Alabama Evidence § 308 (1967). Because the appellant here stated such grounds, the issue of the necessity for introduction of the city ordinance was preserved by defendant’s motion to exclude the evidence.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, JONES, ALMON, SHORES, EMBRY, BEATTY and ADAMS, JJ., concur.