HARRIS, Judge.
Hubert Wayne Roberts was prosecuted in municipal court, and on appeal in circuit court, for driving under the influence of alcohol “in violation of Municipal Ordinance 32-5A-191 (1975-A-2).” The jury found the appellant guilty as charged, and the trial court sentenced him to serve three months in the Colbert County jail, and fined him $300 plus court and prosecution costs, but suspended said sentence and placed the appellant on probation for one year on the condition that the appellant not drive a motor vehicle and attend AA meetings during the period of probation.
On this appeal the appellant seeks a reversal due to the prosecutor’s failure to plead and prove the municipal ordinance which he allegedly violated. The appellee concedes the fact that it failed to plead and prove the municipal ordinance cited in the complaint, but contends that the circuit court was “properly entitled to take ‘judicial notice’ of the Ordinance in question,” because it is a “verbatim adoption” of § 32-5A-191, Code of Alabama 1975 [1].
This same issue, involving a Mobile, Alabama, city ordinance and § 13A-6-22, Code of Alabama 1975, was presented in Maxwell v. City of Mobile, 439 So.2d 714 (Ala.Crim.App.), reversed, 439 So.2d 715 (Ala.1983). The Alabama Supreme Court reversed this court’s decision that the error raised on appeal had not been properly preserved at trial, but both courts agreed that even where there is a corresponding State statute, a trial court cannot take judicial notice of a municipal ordinance unless authorized by statute, and that in a case such as this, where there is no such statutory authorization for judicial notice and the ordinance allegedly violated has not been pleaded and proved, the prosecution has failed “to make out its case against the defendant and the trial court has erred in pronouncing judgment of conviction.” Maxwell v. City of Mobile, supra, and cases therein cited.
Therefore, on the authority of Maxwell v. City of Mobile, 439 So.2d 715, supra, having found this error properly preserved at trial, we have no recourse but to reverse appellant’s conviction below and remand this cause for a new trial.
REVERSED AND REMANDED.
All the Judges concur.

. Municipal Ordinance 32-5A-191 (1975-A-2) is not documented in the record. Therefore, the State’s contention that it is a "verbatim adoption” of § 32-5A-191, Code of Alabama 1975, is not therein substantiated.