This appeal follows the appellant's conviction for the offenses of driving under the influence of alcohol and speeding. For the reasons outlined below, the conviction is hereby reversed and the cause remanded.
The appellant was arrested after being observed speeding within the town limits of Ashville by an Ashville Police Officer. He was transported to the St. Clair County Jail and given a photoelectric intoximeter test, which resulted in a reading of .11%. Thereafter, the appellant was charged with driving under the influence of alcohol. Subsequently, he was found guilty in the Municipal Court for the Town of Ashville and he appealed to the St. Clair County Circuit Court, where he was found guilty and fined $500.00 and given a 30-day suspended jail sentence. *Page 1030 
Appellant has raised three issues for this court's consideration; however, because of this court's decision as to the first issue raised, we will not discuss the remaining issues.
Appellant correctly contends that the Town of Ashville failed to prove a prima facie case against him by failing to plead and prove the city ordinance under which he was prosecuted. It is well established that in a criminal prosecution for violation of a city ordinance, the city must plead and prove the ordinance. Ex parte Maxwell, 439 So.2d 715, 716 (Ala. 1983), citing Cooper v. Town of Valley Head, 212 Ala. 125, 101 So. 874
(1924); Jacobs v. City of Prichard, 46 Ala. App. 497,243 So.2d 769 (1971); Thompson v. City of Sylacauga, 30 Ala. App. 72,200 So. 795 (1941). The trial court has erred in pronouncing a judgment of conviction unless the city ordinance is allowed into evidence. Ex parte Maxwell, supra, at 716; Jacobs v. Cityof Prichard, supra; Felder v. City of Huntsville, 42 Ala. App. 488, 168 So.2d 490 (1964); Thompson v. City of Sylacauga, supra. Furthermore, judicial notice will not be taken of the ordinances of a city unless authorized by statute. Maxwell v.City of Mobile, 439 So.2d 714, 715 (Ala.Cr.App.), reversed onother grounds, Ex parte Maxwell, supra. See also State v.Friedkin, 244 Ala. 494, 497, 14 So.2d 363 (1943). This is a "rule of evidence" and not of substantive law. Maxwell, supra;King v. City of Montgomery, 42 Ala. App. 462, 168 So.2d 30
(1964); Shapiro v. City of Birmingham, 30 Ala. App. 563, 565,10 So.2d 38 (1942).
The complaint against the appellant in the present case reads as follows:
 "Comes now the Town of Ashville, Alabama, by and through its attorney, W. Van Davis, and says that Manuel Morgan Baird, within twelve months before the commencement of this prosecution, did drive or was in actual physical control of a vehicle, while under the influence of alcohol, upon a public street or highway, within the Town of Ashville, Violation of 32-5A-191 (a)(2) Code of Alabama, (1975) and against the peace and dignity of the Town of Ashville, Alabama."
The wording of the complaint indicates that the Town of Ashville was initiating the action against the appellant. Further, the offense occurred within the town limits of Ashville.
The appellant, in a pretrial motion to dismiss the case, alleged that the State had failed to plead the city ordinance in which he was charged. In response to the appellant's contention, the city prosecutor replied:
 "[A]s to his argument about the city ordinance, those cases say if you plead a city ordinance then you are bound by it and in this particular case there was no city ordinance pled or charged, pled a state statute which was incorporated by a city ordinance, and that's what our charge is based on. . . ."
Defense counsel further argued and summed up the feeling of this court as to this matter.
 "Judge, I think by the very nature of his argument talking about, you know, that there is a city ordinance somewhere that adopts the statute, I mean, what is it, and where is it, has it been duly adopted, all of those are things that that's the reason it has to be alleged in the Complaint. I mean, in effect he's alleging a statute that's not, as I said, a prohibition to the — A City law of Ashville, and for that reason, that's the basis of my motion. . . ." (Emphasis added.)
Subsequently, the trial court denied the appellant's motion.
The Town of Ashville failed to introduce the ordinance which the appellant violated. Additionally, the Town of Ashville failed to introduce any ordinance which might have adopted the state statute of which he was charged. The Town of Ashville's failure to introduce some type of city ordinance which incorporates the state statute is fatal to its case against the appellant.
Furthermore, as Justice Faulkner wrote in Ex parte Maxwell, supra, in reversing *Page 1031 
this court's judgment "It is sufficient that the defendant state the ground that the prosecution has failed to make a prima facie case" in order to preserve the issue for appeal. In the present case, the appellant stated such grounds in his pretrial motion to dismiss and to exclude the evidence, thereby preserving this issue for this court's review.
Based on the foregoing authority, the appellant's conviction is hereby reversed and this case is remanded for action consistent with the authority cited.
REVERSED AND REMANDED.
All the Judges concur. *Page 1297