The appellant, Gregory Dale Prather, was convicted, after a jury trial, of driving under the influence of alcohol, in violation of a municipal ordinance of the City of Hoover. He raises three issues on appeal; however, we need only address the City of Hoover's failure to introduce the ordinance by which it adopted § 32-5A-191, Code of Alabama 1975, for the violation of which the appellant was prosecuted and convicted.[1]
At trial, the City of Hoover attempted to offer Ordinance No. 83-386, which adopted § 32-5A-191. The trial court merely responded, "Give it to the court reporter and he will keep it. Thank you." No mention was made of the ordinance again until the court's oral charge, in reference to the complaint, when the following occurred:
 "MS. ARNOLD [the prosecutor]: The ordinance that we presented at the very first is the adopting ordinance that incorporates the State law.
 "THE COURT: None of that is evidence. Okay? Those are just procedural matters that concern us. . . ." (Emphasis added.)
It appears from the record that the City of Hoover's Exhibit number 1, Ordinance No. 83-386, was marked for identification. Examining the record as a whole, however, we simply cannot ascertain that the adopting ordinance was ever introduced into evidence and, thus, considered by the jury.
The appellant relies on Ex parte Maxwell, 439 So.2d 715, 716
(Ala. 1983), which states in pertinent part the following:
 "[I]t is well established that in a criminal prosecution for violation of a city ordinance the city must plead and prove the ordinance. Cooper v. Town of Valley Head, 212 Ala. 125, 101 So. 874 (1924); Jacobs v. City of Prichard, 46 Ala. App. 497, 243 So.2d 769 (1971); Thompson v. City of Sylacauga, 30 Ala. App. 72, 200 So. 795
(1941). And it has been held when the city does not introduce the ordinance into evidence, it has failed to make out its case against the defendant and the trial court has erred in pronouncing the judgment of conviction. Jacobs v. City of Prichard, supra; Felder v. City *Page 259 of Huntsville, 42 Ala. App. 488, 168 So.2d 490
(1964); Thompson v. City of Sylacauga, supra."
Maxwell has recently been reaffirmed by the Alabama Supreme Court in Ex parte Woodson, 578 So.2d 1049 (Ala. 1991).
Thus, we hold that, because the City of Hoover failed to introduce the ordinance, which adopted § 32-5A-191 into evidence, it failed to prove a requisite element of its case; therefore, the appellant's conviction must be reversed and judgment rendered. See Hanson v. City of Trussville,539 So.2d 1082, 1084 (Ala.Cr.App. 1988).
REVERSED AND RENDERED.
All Judges concur.
[1] While we question whether this issue was adequately preserved by the appellant's motion for judgment of acquittal entered at the end of the prosecution's case, we do find that this issue was properly preserved by the appellant's "Motion for New Trial" wherein he contended that the evidence was insufficient to support the verdict and the judgment. See Hanson v. City ofTrussville, 539 So.2d 1082, 1083-84 (Ala.Cr.App. 1988); Fortierv. State, 515 So.2d 101 (Ala.Cr.App. 1987), after remand,564 So.2d 1041 (Ala.Cr.App.), cert. denied, 564 So.2d 1043 (Ala.), cert. denied, 484 U.S. 1043, 108 S.Ct. 776, 98 L.Ed.2d 862
(1990).