LONG, Presiding Judge.
The appellant, Sherry Clark Akridge, was convicted in the municipal court of the City of Geneva for driving while under the influence of alcohol, a violation of Geneva City Ordinance § 11-83-03, adopting § 32-5A-191, Ala.Code 1975. She appealed to the Geneva County Circuit Court for a trial de novo. She was again convicted of driving under the influence, and was fined $652.50, plus municipal court costs and circuit court costs. She raises four issues on appeal; however, because of our disposition of this case, we need address only her third issue.
Akridge correctly contends that the City of Geneva failed to prove the city ordinance under which she was prosecuted. “[I]t is well established that in a criminal prosecution for violation of a city ordinance the city must plead and prove the ordinance.” Ex parte Maxwell, 439 So.2d 715, 716 (Ala.1983). “[W]hen the city does not introduce the ordinance into evidence, it has faded to make out its case against the defendant and the trial court has erred in pronouncing the judgment of conviction.” Id. The record reveals that the City failed to introduce into evidence the ordinance that Akridge was charged with violating, and thus, failed to prove an essential element of its case. Accordingly, the trial court erred in denying Akridge’s motion for a judgment of acquittal and her motion to dismiss.
The City argues that Akridge did not preserve this issue for review because she did not object to the failure to introduce the ordinance at trial. The record clearly contradicts this contention. At the end of the City’s case-in-chief, Akridge’s counsel moved “to dismiss the case for *493 failure of the City to prove its ordinance. And this is based on the Municipal Ordinance that adopts the State Code. And they have not brought the original or even a copy of the Municipal Ordinance, so they haven’t met their burden» of proof and I move for a dismissal.” (R. 79-80.) This was sufficient to preserve the issue for review.
Based on the foregoing, the judgment of the trial court is reversed, and a judgment is rendered in favor of AJkridge.
REVERSED AND JUDGMENT RENDERED.
McMILLAN, COBB, BASCHAB, and FRY, JJ., concur.