BASCHAB, Judge.
The appellant, James Carlton Sims, Jr., was convicted in the Montgomery Municipal Court of driving under the influence and running a red light, and appealed'his convictions to the Montgomery County Circuit Court for a trial de novo. On August 23, 1999, the appellant was again convicted of driving under the influence and running a red light. The circuit court sentenced him to serve ten days in the Montgomery County Detention Facility, to be served on five consecutive weekends, on the driving under the influence conviction. It also fined him $1,100 on the driving under the influence conviction and $20 on the running a red light conviction. The appellant filed a motion for a new trial, which the circuit court denied after conducting a hearing. This appeal followed.
The appellant argues that the circuit court erroneously denied his motion for a judgment of acquittal. Specifically, he contends that the City did not properly plead and prove the pertinent municipal ordinances.
“ ‘[I]t is well established that in a criminal prosecution for violation of a city ordinance the city must plead and prove the ordinance.’ Ex parte Maxwell, 439 So.2d 715, 716 (Ala.1983). ‘[W]hen the city does not introduce the ordinance into evidence, it has failed to make out its case against the defendant and the trial court has erred in pronouncing the judgment of conviction.’ Id.”
At trial, the City did not introduce the municipal ordinances into evidence. Rather, after the City called its final witness, the prosecutor stated, “Your Honor, we make a motion that the Court take judicial notice of the City Ordinance making a *364 State law violation a City violation. Upon the Court taking judicial notice of that, the City would rest.” (R. 85.) We addressed a similar factual situation in Peters v. City of Phenix City, 589 So.2d 800, 800-01 (Ala.Crim.App.1991), as follows:
“The appellant raises several issues on appeal; however, we need only address the City’s failure to prove and plead the ordinance by which it adopted § 32-5A-191, Code of Alabama 1975, the violation for which the appellant was prosecuted. At the close of the City’s evidence, the prosecutor asked the trial court to take judicial notice of the municipal ordinance that adopted § 32-5A-191, and the trial court did so. A circuit court, in the absence of statutory authorization, however, cannot take judicial notice of a municipal ordinance. See Ex parte Maxwell, 439 So.2d 715 (Ala.1983); Roberts v. Town of Leighton, 452 So.2d 916 (Ala.Cr.App.1984); see also C. Gamble, McElroy’s Alabama Evidence § 482.01 (4th ed.1991); cf. § 11-45-11, Code of Alabama 1975 C[a]ll courts of the State of Alabama shall take judicial notice of all municipal ordinances of each Class 1 municipality’). No statute authorizes the action taken by the court in this case. Furthermore, the record does not reflect that the ordinance was otherwise admitted into evidence and was considered by the jury; therefore, the City failed to prove a prima facie case against the appellant. See Ex parte Woodson, 578 So.2d 1049 (Ala.1991); Ex parte Maxwell; Prather v. City of Hoover, 585 So.2d 257 (Ala.Cr.App.1991).
“We hold that the trial court improperly took judicial notice of the municipal ordinance, and the City’s failure to ensure that the ordinance was admitted into evidence rendered its evidence insufficient to support the appellant’s conviction; therefore, this conviction is reversed and a judgment rendered.”
In this case, the City did not properly plead and prove the municipal ordinances. Therefore, it did not present sufficient evidence to support the appellant’s convictions. Accordingly, we must reverse those convictions and render a judgment for the appellant.[1]
REVERSED AND JUDGMENT RENDERED.
LONG, P.J., and McMILLAN, COBB, and FRY, JJ., concur.

. Based on our disposition of this issue, we do not need to address the appellant's remaining contentions.