WINDOM, Judge.
 

 Oscar Cole appeals his conviction for driving under the influence (hereinafter “DUI”), a violation of a Bessemer City Ordinance that adopted § 32-5A-191, Ala.
 
 *489
 
 Code 1975.
 
 [1]
 
 Cole was originally convicted of DUI in the Bessemer Municipal Court and appealed his conviction to the Bessemer Division of the Jefferson County Circuit Court for a trial de novo. (C.R. 16.) On March 11, 2008, Cole was convicted of DUI in the circuit court and was sentenced to serve 60 days in the city jail and to pay a fine of $1,000.00.
 

 On appeal, Cole argues that the circuit court erroneously denied his motion for a judgment of acquittal.
 
 [2]
 
 Specifically, Cole argues that the City of Bessemer failed to present sufficient evidence to support his conviction because it failed to introduce into evidence the municipal ordinance that he was accused of violating. The City of Bessemer argues that Cole failed to properly preserve this issue; therefore, he is not entitled to any relief. We disagree.
 

 In
 
 Ex parte Maxwell,
 
 the Alabama Supreme Court held that a defendant’s statement that “the prosecution has failed to make a prima facie case,” is sufficient to preserve the defendant’s objection to the city’s failure to introduce the pertinent ordinance into evidence. 439 So.2d 715, 717 (Ala.1983).
 
 See also Ex parte Woodson,
 
 578 So.2d 1049, 1051 (Ala.1991). Likewise, in
 
 Ex parte Hall,
 
 the Alabama Supreme Court held that a motion for “a judgment of acquittal, [which] stated ... that ‘insufficient evidence has been presented to support a finding that the defendant is guilty beyond a reasonable doubt,’ ” was sufficient to preserve Hall’s argument that his conviction should be overturned because the city failed to introduce the ordinance under which he had been prosecuted. 843 So.2d 746, 749 (Ala.2002).
 
 C.f Ex parte Johnson,
 
 620 So.2d 665, 668 (Ala.1993) (holding that a general motion for a judgment of acquittal on the ground “ ‘that the state has failed to prove a prima facie case’ ” was sufficient to preserve the appellant’s specific argument that the State had failed to prove a necessary element of the charged offense).
 

 At the conclusion of the City of Bessemer’s case-in-chief against Cole, the following occurred:
 

 “[DEFENSE COUNSEL]: Yes, Judge, at this point I would file a motion for judgment of acquittal on the fact the City did not make a prima facie case of the charge.
 

 “[THE COURT]: Denied.
 

 “[DEFENSE COUNSEL]: And also that the city ordinance has not been proven at this point.
 

 “[THE COURT]: All right. Did you serve [defense counsel] with a copy of what you filed this morning?
 

 “[THE CITY]: No, Your Honor, I haven’t given her a copy. That’s the original that you’ve got there. I will be glad to make a copy. We have copies of it.
 

 “[THE COURT]: Denied....”
 

 (R. 37.) At the close of Cole’s case, he again moved the circuit court for a judgment of acquittal on the grounds that the City of Bessemer “[d]idn’t make a prima facie case[, and] [a]lso that the city ordinance was not proven.” (R. 50.) Applying
 
 Ex parte Maxwell
 
 and
 
 Ex parte Hall,
 
 we conclude that Cole’s motion for a judgment of acquittal on the ground that the City of Bessemer “failed to make a prima facie case” sufficiently preserved for review Cole’s objection to the City of Bessemer’s alleged failure to introduce its ordinance into evidence.
 

 With Cole’s issue properly before this court, we now turn to the merits of his
 
 *490
 
 argument. “[I]t is well established that in a criminal prosecution for violation of a city ordinance the city must plead and prove the ordinance.”
 
 Ex parte Maxwell,
 
 439 So.2d 715, 716 (Ala.1983) (internal citations omitted).
 
 See also Ex parte Hall,
 
 843 So.2d 746, 747 (Ala.2002) (holding that, although the city showed the ordinance to the circuit court, it failed to introduce the ordinance into evidence and thus failed to establish a prima facie case);
 
 Ex parte Townsend,
 
 793 So.2d 835, 837-38 (Ala.2000) (holding that the city must prove the entire ordinance);
 
 Sims v. City of Montgomery,
 
 781 So.2d 363, 364 (Ala.Crim.App.2000) (holding that the city failed to prove a prima facie case against the appellant where “the record does not reflect that the ordinance was ... admitted into evidence [or that it] was considered by the jury”). The pertinent city ordinance is “an essential element of [the city’s] case,”
 
 Akridge v. City of Geneva,,
 
 737 So.2d 492, 492 (Ala.Crim.App.1999), and must be considered by and proven to the jury.
 
 Prather v. City of Hoover, 585
 
 So.2d 257, 258 (Ala.Crim.App.1991);
 
 see also Sims,
 
 781 So.2d at 364 (same). “[W]hen the city does not introduce the ordinance into evidence [and it is not considered by the jury, the city] has failed to make out its case against the defendant and the trial court has erred in pronouncing the judgment of conviction.”
 
 Ex parte Maxwell,
 
 439 So.2d at 716 (internal citations omitted).
 

 On the fust day of Cole’s trial but before the jury was sworn, the city informed the circuit court that it intended to “submit into evidence” the City of Bessemer ordinance that adopted § 32-5A-191, Ala.Code 1975; however, the prosecutor did not have the ordinance with him at that time. (R. 6.) On the second day of the trial and outside the presence of the jury, the prosecutor stated: “From our conversation yesterday, Judge, this is the city’s copy of the enabling ordinance.” (R. 13.) Although the City of Bessemer filed the ordinance with the circuit court, the record does not reflect that the City moved to admit the ordinance into evidence or that the circuit court admitted the ordinance into evidence.
 
 See Ex parte Hall,
 
 843 So.2d at 747 (holding that merely showing the ordinance to the court is insufficient). Consequently, it does not appear that the City of Bessemer admitted the ordinance into evidence.
 
 See
 
 (R. 2) (clerk’s index showing that no exhibits were admitted into evidence). Moreover, although the ordinance was filed with the circuit court, it was filed outside of the jury’s presence, and nothing in the record indicates that the jury was informed of or presented with the ordinance. Further, the circuit court did not mention the ordinance or the City of Bessemer’s burden to prove it during its jury instructions.
 
 See Akridge v. City of Geneva,
 
 737 So.2d 492, 492 (Ala.Crim.App.1999) (holding that the ordinance is an essential element of the case). Thus, the record indicates that the ordinance was not considered by the jury.
 
 Prather,
 
 585 So.2d at 258 (holding that the ordinance must be considered by the jury);
 
 Sims,
 
 781 So.2d at 364 (same).
 

 Because the City of Bessemer failed to introduce into evidence the ordinance that adopted § 32-5A-191, Ala.Code 1975, and the record indicates that it was not considered by the jury, the City of Bessemer failed to prove an essential element of its case. Accordingly, Cole’s conviction must be reversed and a judgment rendered in his favor.
 

 REVERSED AND JUDGMENT RENDERED.
 

 WISE, P.J., and WELCH, KELLUM, and MAIN, JJ., concur.
 

 [1]
 

 . Section 32-5A-191, Ala.Code 1975, is the State statute that criminalizes driving under the influence.
 

 [2]
 

 . Cole raises several issues on appeal; however, because of our disposition of this case, we need only address the issue regarding the sufficiency of the City of Bessemer’s evidence.