This is an appeal by Charles H. Hanson of his convictions for driving while his license was revoked and driving under the influence, in violation of ordinances of the City of Trussville.
The record indicates that on January 12, 1986, Lisa Ellenburg was involved in an accident when she turned the automobile she was driving into a ditch to avoid hitting appellant's car which had pulled out in front of her. The automobiles did not make contact and there was no property damage or injuries, but the police were called to the scene to investigate. Officer Phillips of the Trussville Police Department arrived on the scene and after questioning those present, including appellant, he determined that appellant was the driver of the vehicle that had pulled out in front of Lisa Ellenburg, that appellant had no driver's license, and that appellant appeared to be intoxicated. Officer Phillips then placed appellant under arrest, and he was transported to City Hall, where he was given the Intoxilyzer 5000 test, which registered .24%.
Appellant was convicted by a Jefferson County jury after appealing from the Municipal Court for the City of Trussville. He was fined $100 and costs for driving while his license was revoked and $1,500 plus costs and ten days' imprisonment for driving under the influence.
Appellant raises four issues on appeal. Because we find that his conviction for driving while his license was revoked must be reversed on the ground discussed in Issue I, the remaining issues will be addressed only as pertaining to his conviction for driving under the influence.
 I
Appellant argues that the trial court erred by denying his motions for judgment of acquittal made at the close of the city's cases. He contends that the prosecution failed to make out a prima facie case against him because the city ordinances upon which he was prosecuted were never introduced into evidence. In the instant case, the ordinances were never introduced into evidence even though they could have been, as a result of a pre-trial stipulation, introduced without the city's establishing the necessary predicate.
In a criminal prosecution of a defendant for his alleged violation of a city ordinance, the city is required to plead and prove the ordinance. Maxwell v. City of Mobile,439 So.2d 714 (Ala.Cr.App.), rev'd on other grounds, 439 So.2d 715 (Ala. 1983). When the city fails to introduce the ordinance into evidence, which because of a prior stipulation could have been introduced without any other proof, the city has failed to make out a prima facie case. Felder v. City of Huntsville,42 Ala. App. 488, 168 So.2d 490 (1964). And when the ordinance is not introduced, the trial court has erred in pronouncing the judgment of conviction. Baird v. Town of Ashville,492 So.2d 1029 (Ala.Cr.App. 1986); Maxwell v. City of Mobile, supra.
While appellant is correct in his application of the law with regard to the necessity that the ordinances be introduced into evidence, there still remains the question of whether his motions to exclude and for directed verdict, based upon the grounds specified, were sufficient to raise the issue before the trial court and, thereby, preserve it for our review.
A motion to exclude evidence must include a statement of proper and specific grounds upon which it is based or it will be properly denied. Yarbrough v. State, 405 So.2d 721
(Ala.Cr.App.), cert. denied, 405 So.2d 725 (Ala. 1981). Furthermore, a statement of specific grounds waives all other grounds, and the trial court will not be found in error based on grounds not specified. Hunt v. State, 453 So.2d 1083
(Ala.Cr.App. 1984).
Appellant concedes in his brief, and the record reflects, that he did not specify, among the grounds for his motions, the failure of the city to introduce the ordinances into evidence. However, he argues that the issue is nevertheless preserved, *Page 1084 
and for this proposition he quotes the following fromMaxwell v. City of Mobile, 439 So.2d at 717: "To preserve the issue for appeal, it is necessary for defendant to state his grounds upon moving to exclude evidence; however, it is not necessary to draw the trial court's attention to the particular defect." This quote should be read in conjunction with the remainder of the paragraph from which it was taken. The Maxwell
court continues, "It is sufficient that the defendant state the ground that the prosecution has failed to make a prima facie case." Id. at 717 (citations omitted).
Unlike the defendant in Maxwell, who stated as one of his grounds for his motion to exclude, that the city had failed to make out a prima facie case, the instant appellant did not state that the city had failed to make out a prima facie case. Rather, he stated numerous specific grounds in support of each motion. With regard to appellant's motion directed at the charge of driving while his license was revoked, appellant's attorney stated among other grounds, "[T]hey have not proven that my client is guilty of driving while revoked or suspended through the evidence." While this statement is not exactly the statement that the Maxwell court held was necessary to preserve the issue in that case, we find it is sufficient, in this case, to put the trial court on notice of a defect in the city's case and, therefore, sufficient to preserve the issue for review.
In light of the aforementioned cases and our finding that this issue was preserved, the city's failure to introduce the ordinance prohibiting driving while one's license is revoked or suspended is fatal to its prosecution. The city failed to prove a necessary element of the offense charged, and appellant's motion should have been granted. Therefore, the judgment of the trial court on the motion directed at the driving-while-license-revoked charge is reversed and, on the authority of Burks v. United States, 437 U.S. 1, 98 S.Ct. 2141,57 L.Ed.2d 1 (1978), a judgment must be rendered in defendant's favor on that count.
With regard to the charge of driving under the influence, appellant's grounds for his motion for a directed verdict were the following: improper jurisdiction of the circuit court; failure to prove jurisdiction because the city allegedly failed to prove that the incident occurred in the police jurisdiction; illegal arrest; and failure to prove he was under the influence of alcohol to the extent that he could notsafely operate a motor vehicle. The ground that the prosecution failed to make out a prima facie case encompasses the allegation that the prosecution did not prove each and every element necessary to prove the charge. In the instant case, however, appellant stated very specific grounds, none of which can be construed as attacking each and every element of the charge of driving under the influence. By stating these specific grounds, appellant waived all other possible grounds not stated. Hunt v. State, supra. Therefore, since the trial court was never apprised of the ground now asserted on appeal, there was no adverse ruling and, as a result, there is nothing preserved for our review. Howard v. State, 506 So.2d 351
(Ala.Cr.App. 1986).
 II
Appellant further argues that the trial court erred in denying his pre-trial motion to dismiss, grounded on the allegation that the court lacked jurisdiction to hear thede novo appeal because the Municipal Court of Trussville lacked jurisdiction initially. The lack-of-jurisdiction claim arose from the Uniform Traffic Ticket and Complaint (hereinafter "U.T.T.C."), which cited the violation of § 32-5A-191, Code of Alabama 1975, but failed to designate whether the violation was under the state code or a municipal ordinance. Appellant contends that, in order for a municipal court to have jurisdiction, the charge must arise from a city ordinance or from an adopting ordinance making the state statute applicable. See §§ 12-14-1(b) and (c). Furthermore, appellant argues that this requirement pertains to subject matter jurisdiction and is, therefore, not waived if not raised in the lower court.
In City of Dothan v. Holloway, 501 So.2d 1136 (Ala. 1986), our supreme court held *Page 1085 
that any irregularity in the U.T.T.C. affects only the court's obtaining personal jurisdiction over the defendant and, as a result, the failure to raise the issue of such a defect in a timely manner before the municipal court waives the defect. In applying this holding to the case at bar, we conclude that the failure to properly fill out the instant U.T.T.C. and cite a city ordinance or adopting ordinance instead of a state statute affected only the lower court's personal jurisdiction. Therefore, the failure to raise the issue in a timely manner waived the defect. There is nothing in the record before us to indicate that appellant raised this defect before the municipal court and, therefore, any subsequent allegations of error based on this issue were untimely and were not properly preserved.
 III
Appellant further contends that his arrest was illegal and that, as a result, all evidence, including the result of the breath test, that was obtained subsequent to the arrest should have been suppressed. Appellant's argument is based on his allegation that he was initially arrested at the scene for driving while his license was revoked and was later arrested for driving under the influence after the breath test had been given.
While the record of this case does not conclusively establish when appellant was placed under arrest for driving under the influence, determination of that question is not necessary because the issue was not timely raised and, therefore, was not properly preserved for appeal. The record reveals that appellant did not voice any objection to the legality of the arrest until the end of the city's case and obviously after the evidence sought to be excluded had been admitted. At that point, the objection was too late and the issue, therefore, was not preserved for our review. A motion to exclude will serve to preserve error in the admission of evidence only where an objection is timely made at the time of its admission. Snider v. State, 406 So.2d 1008, 1014
(Ala.Cr.App.), cert. denied, 406 So.2d 1015 (Ala. 1981). Even though appellant made a timely objection immediately prior to the admission of the result of the breath test, it 539 So.2d 25
was based on another specific ground and, therefore, all other grounds which could have been asserted at that point were waived. Hunt v. State, supra.
Moreover, had this issue been raised in a timely manner, we think that the evidence in the record is sufficient for the factfinder to conclude that appellant was, in fact, legally arrested on the scene for driving under the influence as well as driving while his license was revoked. The arresting officer testified that he arrived on the scene at about 7:05 p.m.; that he remained there for about 30 to 35 minutes; and that appellant was placed under arrest for driving under the influence at 7:30 or 7:35. From this evidence, it can be inferred that appellant was taken into custody prior to taking the blood alcohol test. In light of such an inference, the arrest was proper and, therefore, appellant's argument is without merit.
Based on the foregoing, appellant's conviction for driving while his license was revoked is hereby reversed and judgment is rendered in his favor on that charge, and his conviction for driving under the influence is hereby affirmed.
AFFIRMED IN PART; REVERSED IN PART AND JUDGMENT RENDERED.
All Judges concur.