The Court of Criminal Appeals affirmed Coleman Woodson's convictions for reckless driving and driving under the influence of alcohol in violation of a municipal ordinance of the City of Selma. The issue before us on this certiorari review is whether the City of Selma, by not introducing into evidence the applicable municipal ordinance, failed to make out a prima facie case against Woodson.
On March 12, 1987, Woodson was arrested for reckless driving and for driving under the influence of alcohol. He was convicted and sentenced in the Municipal Court of Selma on both charges. On his appeal to the Dallas Circuit Court, a jury found him guilty on both charges. On July 7, 1989, his reckless driving sentence was suspended, and he was assessed a $100 fine, was ordered to pay $25 to the Alabama Crime Victims' Compensation Fund, and was ordered to surrender his license to the court. For the driving under the influence conviction, Woodson was sentenced to 6 months in jail, was fined $2,500, and was ordered to pay $25 to the Alabama Crime Victims' Compensation Fund.
On October 25, 1989, Woodson filed a motion for a new trial, which the trial court denied. The Court of Criminal Appeals affirmed Woodson's convictions, without opinion. 567 So.2d 1376 (1990).
Woodson argues that the City of Selma failed to make out a prima facie case against him because it failed to introduce into evidence Municipal Ordinance 17-1, which adopts the state offenses of reckless driving, Ala. Code 1975, § 32-5A-190, and driving under the influence, Ala. Code 1975, §32-5A-191. Woodson also argues that his motion for directed verdict and his motion for acquittal were sufficient to preserve the issue of whether the City's failure to introduce the municipal ordinance was fatal to its prosecution.
 I. Failure to Introduce the Municipal Ordinance
The record indicates that the applicable municipal ordinance was never introduced in the jury trial. However, the record shows that the parties stipulated the following:
 "Mr. Keith [city prosecutor]: Your Honor, the first matter being that the Municipal Court of Selma, under the municipal [ordinance] 17-1 is allowed to prosecute state offenses in the municipal court, both at that level and at this level; and as I understand, Mr. Boynton is agreeing that we can proceed. That you are agreeing with me that we are properly in court on this and we don't have to bring the Clerk over here to give that testimony?
 "Mr. Boynton [defense counsel]: I agree to the extent that you have said; that we have a city ordinance that has adopted the State Code and that those matters are prosecuted here. . . ."
Woodson argues that the stipulation above means that the City could have introduced the municipal ordinance without any further predicate. That is, he says that by that stipulation the city clerk would not have been required to authenticate the ordinance or to testify that it was properly adopted.
In Felder v. City of Huntsville, 42 Ala. App. 488,168 So.2d 490 (1964), the appellant *Page 1051 
was convicted of violating a city ordinance. However, the City of Huntsville, pursuant to a stipulation that the ordinance in question could be introduced without further proof, failed to introduce the ordinance. The Court of Appeals held that the City of Huntsville had failed to make out its case against the appellant and that the trial court had committed error in pronouncing judgment.
Similarly, in Hanson v. City of Trussville,539 So.2d 1082 (Ala.Crim.App. 1988), the appellant argued that his motion for judgment of acquittal had been erroneously denied because, he said, the City of Trussville had failed to make out a case against him because the ordinance under which he was prosecuted was never introduced. In Hanson, a pretrial stipulation was made whereby the ordinance could be introduced without the need for the city to establish the necessary predicate. The Court of Criminal Appeals, relying onMaxwell v. City of Mobile, 439 So.2d 714
(Ala.Crim.App.), rev'd on other grounds, 439 So.2d 715
(Ala. 1983), held that the city was required to plead and prove the ordinance in order to make out a prima facie case. The court held that the city had failed to prove a necessary element of the offense charged by failing to introduce the applicable ordinance. As a result, the court held that the appellant's motion should have been granted. See also Bairdv. Town of Ashville, 492 So.2d 1029 (Ala.Crim.App. 1986);Jones v. Town of Courtland, 452 So.2d 1380, 1381
(Ala.Crim.App. 1984).
The foregoing authority is applicable to the facts before us. The City of Selma failed to introduce the municipal ordinance adopting the applicable state offenses, even though there was a stipulation waiving the requirement that the city clerk authenticate the adoption of the ordinance. Accordingly, the City of Selma failed to prove a requisite element of its case. If the issue was properly preserved for our review, then this failure mandates a reversal of Woodson's convictions.
 II. Preservation of the Issue
In regard to Woodson's argument that he had preserved for review the issue whether the City's failure to introduce the ordinance was fatal to the prosecution, we find Ex parteMaxwell, 439 So.2d 715 (Ala.), conviction reversed onremand, 439 So.2d 717 (Ala.Crim.App. 1983), persuasive. InMaxwell, this Court considered whether the defendant's motion to exclude evidence preserved a similar issue regarding a city's failure to introduce the ordinance in question. This Court determined that the defendant's argument that the city had failed to make a prima facie case was sufficient to preserve the issue for review or appeal.
Further, in Hanson, the Court considered whether the appellant's motion to exclude evidence was based upon specified grounds so as to raise the issue before the trial court and to preserve the issue for appeal. In that case, the appellant did not specify the city's failure to introduce into evidence the applicable ordinance. Nevertheless, the court found that the trial court was put on notice as to a defect in the city's case where appellant stated numerous grounds in support of his motions.
In the instant case, Woodson, after presentation of the City's case, moved the trial court to dismiss the City's case or to acquit on the basis that the City had failed to introduce the appropriate ordinance and had therefore failed to make out a prima facie case. As this Court stated in Maxwell:
"It is sufficient that the defendant state the ground that the prosecution has failed to make a prima facie case."Maxwell, supra, at 717.
Based on the foregoing, we conclude that the issue was preserved for appeal. Consequently, we reverse the judgment of the Court of Criminal Appeals and remand the case.
REVERSED AND REMANDED.
MADDOX, SHORES, ADAMS, HOUSTON and INGRAM, JJ., concur.
STEAGALL and KENNEDY, JJ., dissent. *Page 1052