McMILLAN, Judge.
The appellant was found guilty in the municipal court of the City of Dothan of driving under the influence of alcohol. He appealed his conviction to the Circuit Court of Houston County for a trial de novo. He was found guilty in a jury trial and was sentenced to six months’ hard labor, with all but one month of the sentence suspended. He also was ordered to pay a $500.00 fine and to submit to substance abuse evaluation and treatment.
The evidence at trial tended to show that at about 12:00 or 12:30 a.m. on January 14, 1990, a Dothan police officer saw the appellant’s truck straddle the center lines of United States Highway 231 and then run off the road. When the vehicle stopped and the appellant exited, the officer detected the smell of an alcoholic beverage in the truck and on the appellant’s breath. The appellant was unsteady on his feet and, in the officer’s opinion, was intoxicated.
The appellant contends that the trial court erred in denying his motion for a directed verdict of acquittal because the city failed to prove a prima facie case. Specifically, he argues, the city failed to plead and prove the relevant municipal ordinance.
It is well established that in a criminal prosecution, the city must plead and prove the ordinance. Maxwell v. City of Mobile, 439 So.2d 714 (Ala.Cr.App.), rev’d on other grounds, 439 So.2d 715 (Ala.1983). Further, when the ordinance is not introduced, the trial court has erred in pronouncing the judgment of conviction. Baird v. Town of Ashville, 492 So.2d 1029 (Ala.Cr.App.1986); Maxwell v. City of Mobile, supra. Ex parte Woodson, 578 So.2d 1049 (Ala.1991) ].
It is undisputed that in the present case, the prosecutor did not introduce the relevant city ordinance. Because the city failed to prove a necessary element of the offense charged, the appellant’s motion for a directed verdict of acquittal should have been granted. Therefore, the judgment of the trial court must be reversed. On the authority of Burks v. United States, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), a judgment is rendered in favor of the appellant.
REVERSED AND JUDGMENT RENDERED.
All the Judges concur.