The appellant, Charles E. Truman, was convicted of running a stop sign and driving under the influence of alcohol, violations of section 2, ordinance 1-22-85-B of the City of Enterprise, which provides that any person who commits an offense within the police jurisdiction of the city "which is declared by a law . . . of the State of Alabama to be a violation . . . shall be guilty of an offense against" the state.[1] For failure to obey a stop sign, the appellant was ordered to pay a $50 fine and court costs; he was sentenced to 42 days' imprisonment and was ordered to pay a $250 fine and court costs for driving under the influence.
At the close of the prosecution's case, the appellant moved "to exclude the city's evidence and as grounds therefor show they have not made a prima facie case for driving under the influence." The circuit court denied the motion, which the appellant now contends is reversible error. He argues that both convictions should be reversed based on the prosecution's failure to enter into evidence the municipal ordinance upon which the complaint against the appellant was based.
 I
Initially, the state contends that the appellant failed to preserve his argument for review.
In order to preserve a contention that the prosecution failed to enter a municipal ordinance into evidence, "[i]t is sufficient that the defendant state the ground that the prosecution has failed to make a prima facie case." Ex parteMaxwell, 439 So.2d 715, 717 (Ala. 1983). See also Ex parteWoodson, 578 So.2d 1049, 1051 (Ala. 1991); Hanson v. City ofTrussville, 539 So.2d 1082, 1084 (Ala.Cr.App. 1988). However, a "statement of specific grounds waives all other grounds, and the trial court will not be found in error based on grounds not specified." Hanson, 539 So.2d at 1083.
Because the appellant specifically stated at trial that the prosecution failed to establish "a prima facie case ofdriving under the influence," our review on appeal is limited only to his argument regarding that conviction. Thus, the appellant's allegation concerning the prosecution's failure to prove a prima facie case of failure to obey a stop sign is not preserved for review. See, e.g., Sankey v. State, 568 So.2d 366
(Ala.Cr.App. 1990).
 II
Regarding the appellant's argument that the prosecution failed to introduce the *Page 1153 
municipal ordinance upon which the driving under the influence charge was based, it has been held on numerous occasions "that in a criminal prosecution for violation of a city ordinance the city must plead and prove the ordinance." Maxwell, 439 So.2d at 716; Prather v. City of Hoover, 585 So.2d 257, 258
(Ala.Cr.App. 1991). See also Peters v. City of Phenix City,589 So.2d 800 (Ala.Cr.App. 1991); Ingram v. City of Dothan,588 So.2d 943 (Ala.Cr.App. 1991). But see Nerud v. City of MountainBrook, 517 So.2d 652 (Ala.Cr.App. 1987) (trial court can take judicial notice of a municipal ordinance). Further, "when the ordinance is not introduced, the trial court has erred in pronouncing the judgment of conviction." Ingram, 588 So.2d at 944; Hanson, 539 So.2d at 1083. See also Woodson, supra; Maxwell, supra.
The record reveals that the prosecution did indeed fail to introduce into evidence the municipal ordinance that the appellant violated. Thus, the prosecution omitted a necessary element of the offense charged, and the circuit court erred in denying the appellant's motion to exclude the evidence regarding the driving under the influence charge.Maxwell, supra; Ingram, supra.
In accordance with the above, we affirm the appellant's conviction for failure to obey a stop sign. The judgment regarding the driving under the influence charge must be reversed and, under the authority of Burks v. United States,437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), a judgment must be rendered in favor of the appellant. See also, Peters, supra;Ingram, supra; Prather, supra.
AFFIRMED IN PART; REVERSED IN PART; AND JUDGMENT RENDERED.
All the Judges concur, except MONTIEL, J., who dissents without opinion.
[1] Running a stop sign and driving under the influence are violations of § 32-5A-31 and § 32-5A-191(a)(1), Code of Alabama 1975, respectively.
 *Page 823