LYONS, Justice.
John W. Hall was found guilty of failure to obtain a land-disturbance permit for site construction as required by a municipal ordinance of the City of Mobile (“the City”). Hall was sentenced to serve 10 days in jail; the court suspended that sentence and he was placed on one year’s probation. The Court of Criminal Appeals affirmed Hall’s conviction, in an unpublished memorandum. (CR-00-1255, Oct. 19, 2001) - So.2d - (Ala.Crim.App. 2001) (table). We granted certiorari review only as to Hall’s argument that his conviction should be reversed because the City failed to introduce into evidence a copy of the ordinance it accused Hall of violating.

Facts

On August 28, 1997, John Hall obtained a “Land Disturbing Activity Permit”; the permit allowed him to place fill dirt “less *747 than two feet deep, over an area of approximately acre” of his property at 3839 Riviere du Chien Road in Mobile. A hand-drawn map submitted with the permit application clearly indicated the portion that was approved as the “fill site.”
On July 14, 2000, City engineering technician Dudley Mask III went to Hall’s property in response to a complaint. Mask saw loads of new fill material on the property, although he did not see any dumping activity. Mask had been told by City engineer John Crawford that a land-disturbance permit had not been issued for the property, so he issued a ticket charging Hall with the municipal offense of “failure to obtain land disturbance permit for site construction,” a violation of the City’s “storm water management ordinance.” The following day, Mask returned to the property, accompanied by Crawford. Hall was using a bulldozer to move large amounts of dirt. At trial, defense counsel produced the 1997 permit issued to Hall. Crawford and Mask testified that the filled area they saw when they visited Hall’s property on July 15 went “way beyond” the area approved in the permit and that the level of the fill material also was well above the approved level of two feet.
It is undisputed that the City did not formally introduce into evidence the storm water management ordinance Hall was convicted of violating. During the trial the City prosecutor showed a copy of the ordinance to the trial judge. Hall’s attorney volunteered that he also had a copy of the ordinance. However, the City did not introduce a copy of the ordinance into evidence; the ordinance is therefore not included in the record.
After a bench trial, Hall was convicted for failure to obtain a land-disturbance permit as required by the City of Mobile ordinance. On December 15, 2000, Hall was sentenced to imprisonment for 10 days; the execution of the sentence was suspended. On January 12, 2001, Hall filed a postjudgment motion for a judgment of acquittal or, in the alternative, for a new trial. In his motion, Hall stated 14 grounds. One of these grounds stated as follows:
“The defendant moves the Court to enter a judgment of acquittal ... for the offense of ‘failure to obtain land disturbance permit for site construction’ because insufficient evidence has been presented to support a finding that the defendant is guilty beyond a reasonable doubt.”
The trial court denied the motion. Hall appealed to the Court of Criminal Appeals. In his brief to that court, Hall argued that the City did not introduce into evidence a copy of the ordinance he was convicted of violating. The Court of Criminal Appeals affirmed the judgment of the trial court in an unpublished memorandum. That court reasoned that Hall had waived the City’s failure to introduce the ordinance into evidence when he asserted specific grounds in his motion for a judgment of acquittal but did not state as a ground the City’s failure to introduce the ordinance into evidence.

Discussion

In Ex parte Maxwell, 439 So.2d 715, 716 (Ala.1983), a case involving the City of Mobile’s failure to introduce into evidence the ordinance Maxwell was charged with violating, this Court held:
“[I]t is well established that in a criminal prosecution for violation of a city ordinance the city must plead and prove the ordinance. And it has been held when the city does not introduce the ordinance into evidence, it has failed to make out its case against the defendant and the trial court has erred in pronouncing the judgment of conviction.”
*748 (Citations omitted.) In Ex parte Townsend, 793 So.2d 835 (Ala.2000), another case arising out of an alleged violation of a Mobile municipal ordinance, we held that a municipal prosecutor has the burden of proving the entire ordinance under which a defendant is prosecuted. In that case, we held that because the municipal prosecutor had introduced into evidence only a portion of the ordinance, Mobile had failed to establish a prima facie case. Although the City points out that in this case it showed the court a copy of the ordinance during the trial, it does not dispute that it failed actually to introduce into evidence the ordinance under which Hall was convicted. Thus, because it failed to prove the ordinance and thereby to make it a part of the record before us, the City did not establish its prima facie case.
The only remaining issue is whether Hall preserved for review the issue of the City’s failure to prove the ordinance. Hall was sentenced on December 15, 2000; he filed his motion for a judgment of acquittal, asserting, among other grounds, the ground of “insufficient evidence,” on January 12, 2001. Rule 20.3, Ala. R.Crim. P., states as follows:
“(a) Generally. After a verdict or the entry of a judgment of conviction, the defendant may move for a judgment of acquittal, or the court on its own motion, may grant a judgment of acquittal. It shall not be necessary to the making of the motion after a verdict or judgment of conviction that a similar motion have been made prior to the submission of the case to the factfinder.
“(b) Time for Making Motion.
(1) In General. After the return of a verdict or after a judgment of conviction, but no later than thirty (SO) days after the pronouncement of sentence, a defendant may move to have the judgment of conviction and any sentence thereon ... set aside and to have a judgment of acquittal entered
[[Image here]]
(Emphasis added.) Rule 20.3 explicitly permits a defendant to file a motion for a judgment of acquittal within 30 days after sentence is pronounced and to raise a ground for the first time in that motion. Thus, Hall’s motion for a judgment of acquittal complied with Rule 20.3, Ala. R.Crim. P.
Nevertheless, the Court of Criminal Appeals held that Hall did not preserve for review the City’s failure to introduce into evidence the ordinance under which Hall was charged. That court concluded that Hall raised several grounds in his oral and written motions for a judgment of acquittal, but that Hall waived the City’s failure to introduce into evidence the ordinance because, it reasoned, he had not specifically stated that ground. It is well established that a defendant who states specific grounds in his motion for a judgment for acquittal waives all grounds not stated. Ex parte Frith, 526 So.2d 880, 882 (Ala.1987); R.K.D. v. State, 712 So.2d 754, 757 (Ala.Crim.App.1997); Washington v. State, 555 So.2d 347, 348 (Ala.Crim.App.1989). However, those cases are inappo-site here if Hall, under settled caselaw, has by his objection preserved for review the City’s failure to introduce the ordinance into evidence.
In Maxwell, the defendant asserted three grounds on which he sought to exclude the evidence,[1] including the ground that the City had “failed to prove a prima facie case,” and that the City had failed to prove the allegations in the indictment. *749 439 So.2d at 717. Regarding the City’s failure to introduce into evidence the ordinance the defendant was charged with violating, this Court held:
“To preserve the issue for appeal it is necessary for [the] defendant to state his grounds upon moving to exclude evidence; however, it is not necessary to draw the trial court’s attention to the particular defect. It is sufficient that the defendant state the ground that the prosecution has failed to make out a prima facie case.”
439 So.2d at 717. In Hanson v. City of Trussville, 539 So.2d 1082 (Ala.Crim.App.1988), the City of Trussville had failed to introduce into evidence the ordinance at issue in that case. The defendant made several arguments seeking to exclude the evidence, including the argument that the city had “not proven that [the defendant] is guilty of driving while revoked or suspended through the evidence.” 539 So.2d at 1084. However, the defendant did not specifically state that the city had failed to introduce into evidence the ordinance under which he was charged. The defendant argued that, under Maxwell, to preserve the error for review the defendant need state only that the prosecution failed to make a prima facie case. Addressing the sufficiency of the defendant’s statement quoted above to preserve the ground that the city had failed to introduce the ordinance into evidence, the Court of Criminal Appeals held:
<rWhile this statement is not exactly the statement that the Maxwell court held was necessary to preserve the issue in that case, we find it is sufficient, in this case, to put the trial court on notice of a defect in the city’s ease and, therefore, sufficient to preserve the issue for review.”
Hanson, 539 So.2d at 1084. Thus, that court reversed the trial court’s judgment and rendered a judgment in the defendant’s favor on that charge. This Court endorsed the reasoning in Hanson in Ex parte Woodson, 578 So.2d 1049, 1051 (Ala.1991).
In his written motion for a judgment of acquittal, Hall stated as one of his grounds that “insufficient evidence has been presented to support a finding that the defendant is guilty beyond a reasonable doubt.” This statement is almost identical to the statement in Hanson that the city had not “proven that [the defendant] is guilty of driving while suspended or revoked through the evidence.” Thus, although Hall’s statement here, like the statement in Hanson, is not as perfectly phrased as the statement this Court endorsed in Maxwell, it was nevertheless “sufficient ... to put the trial court on notice of a defect in the city’s case, and, therefore, sufficient to preserve the issue for review.” Hanson, 539 So.2d at 1084. Because Maxwell and Hanson, where multiple grounds of objection had been stated, compel the conclusion that an objection to a city’s failure in a case where the defendant is charged with violating a municipal ordinance to introduce the ordinance is sufficiently preserved by a challenge to the sufficiency of the evidence, the Court of Criminal Appeals’ reliance on cases holding that a specific objection waives other grounds is misplaced.
The judgment of the Court of Criminal Appeals is reversed, and the case is remanded to that court for the entry of an order or proceedings consistent with this opinion.
REVERSED AND REMANDED.
MOORE, C.J., and HOUSTON, SEE, BROWN, JOHNSTONE, HARWOOD, and WOODALL, JJ., concur.

. "Rightly or wrongly, the terms 'motion for a judgment of acquittal' and 'motion to exclude the evidence and discharge the accused’ are used interchangeably.” Ex parte Johnson, 620 So.2d 665, 668 n. 3 (Ala.1993).