2019 IL App (2d) 180948-U
No. 2-18-0948
Order filed November 15, 2019

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| TRANSIT GENERAL INSURANCE, as subrogee of ABS AUTO TRANS INC., | ) ) ) | Appeal from the Circuit Court of Du Page County. |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | No. 16-AR-894 |
| MATTHEW T. RUBECK, | ) ) | Honorable Robert W. Rohm, |
| Defendant-Appellee. | ) | Judge, Presiding. |

JUSTICE SCHOSTOK delivered the judgment of the court.
Justices Hutchinson and Hudson concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Trial court properly granted judgment in defendant's favor because plaintiff failed to present evidence establishing that it had incurred any damages.

¶ 2    The plaintiff, Transit General Insurance, filed a subrogation action against the defendant, Matthew Rubeck, following a motor vehicle collision that occurred in Lisle. The plaintiff sought to recover damages in the amount of its payment to its insured for property damage allegedly caused by the defendant. At trial, the plaintiff did not present any evidence that it had actually incurred any damages. After the jury returned a verdict in the plaintiff's favor, the trial court

granted the defendant's motion for a judgment notwithstanding the verdict (JNOV) based on the plaintiff's failure to prove any damages. The plaintiff appeals from that order. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4     On July 21, 2016, the plaintiff filed a subrogation recovery case against the defendant. The plaintiff sought to recover the amount it paid to its insured for property damages that was allegedly caused by the defendant.

¶ 5     On August 10, 2018, at a pretrial conference, the plaintiff advised the trial court that its adjuster was ill and unavailable for the trial which was scheduled in three days. The plaintiff asked the defendant if he would stipulate to the property damage so that it would not have to bring in its adjuster and, therefore, it could avoid asking the trial court for a continuance. The defendant agreed to stipulate to damages of $14,000. The stipulation was never put in writing.

¶ 6     Subsequently, the trial court went over jury instructions with the parties. The plaintiff submitted Illinois Pattern Jury Instruction No. 21.02 (Illinois Pattern Jury Instructions, Civil, No. 21.02 (2006)) which provided in part that "[t]he plaintiff has the burden of proving *** that the plaintiff's property was damaged." The plaintiff also submitted Illinois Pattern Jury Instruction No. 30.01 (Illinois Pattern Jury Instructions, Civil, No. 30.01 (2006)) which stated:

> "If you decide for the plaintiff *** on the question of liability, you must then fix the amount of money which will reasonably and fairly compensate him for any of the following elements of damages proved by the evidence to have resulted from the negligence of the defendant. The damage to the property is determined by the lesser of the reasonable expense of necessary repairs to the property or the difference between the fair market value of the property immediately before the occurrence and its fair market value

immediately after the occurrence. Whether any of these elements of damages has been proved by the evidence is for you to determine."

¶ 7   The plaintiff submitted Verdict Form A, which stated "We, the jury, find for [the plaintiff] and against [the defendant]. We assess damages in the sum of $ _____." The plaintiff also submitted Verdict Form B, which in relevant part stated:

"We, the jury, find for [the plaintiff] and against [the defendant], and further find the following: First, without taking into consideration the question of reduction of damages, due to the negligence of the plaintiff, we find that the total amount of damages suffered by [the plaintiff] as a proximate result of the occurrence in question is $_____."

¶ 8   On August 13, 2018, the trial court conducted a jury trial on the plaintiff's complaint. In opening arguments, defense counsel, in discussing damages, advised the jury that they did not "have to worry about that at all." During the evidence portion of the trial, the plaintiff never advised the jury of the amount of damages being claimed, never moved to admit the claimed damages into evidence, and never sought to admit a stipulation addressing the damages claimed.

¶ 9   After the jury had been given their instructions and had retired, defense counsel raised an issue as to whether the jury had any idea as to how much the damages were. The trial court stated that was a "huge issue" and that the jury was not going to be able to determine damages. The trial court expounded:

"They're not going to be able to do it, and there was no stipulation read to the jury, there was nothing given to them regarding the amount of damages.

I was fully aware of that. That's not my job to tell you how to try your case. You didn't put it in. You didn't read to them a stipulation of the damages, you did nothing. You didn't submit a document as an exhibit."

¶ 10    During deliberations, the jury presented a question that read: "We are trying to determine the amount of damages to award. Can you give us a dollar amount of damages incurred? The trial court then inquired of the parties how it should answer the question. The plaintiff's counsel suggested that the jury should be instructed that the parties had stipulated to the damages and the jury only needed to determine what percentage of the damages was the defendant's fault. Defense counsel stated that, based on the jury verdict forms, he believed that the plaintiff would present evidence at trial as to the alleged damages. The trial court agreed with defense counsel's statement and asked the plaintiff's counsel why he agreed to the verdict forms that were read to the jury. The plaintiff's counsel explained that he did not realize that there was a problem until the verdict forms were read to the jury. The plaintiff's counsel acknowledged that he had never been involved with a case where there had been a stipulation as to damages but then the jury had not been informed as to what that stipulated amount was.

¶ 11    Prior to answering the jury's question, the trial court stated that it would give defense counsel "the final word" and that its answer would be "entirely up to [defense counsel]." Defense counsel responded that the jury should be informed "that the only evidence that they should be able to consider is the evidence that was presented to them in the trial." The trial court then instructed the jury that its decision must be based upon the evidence and testimony that was presented in open court and no further information would be provided.

¶ 12    The jury returned a verdict in the plaintiff's favor and awarded damages of $40,000. The trial court subsequently granted the defendant's motion for a JNOV based on the plaintiff's failure

to prove damages. The trial court explained that it believed that the stipulation regarding damages was to be read to the jury. The trial court stated that it was the plaintiff's own error when it failed to read the stipulation to the jury. The trial court further found that the plaintiff invited error when it submitted jury instructions requiring the jury to determine damages.

¶ 13    Following the denial of its motion to reconsider, the plaintiff filed a timely notice of appeal.

¶ 14                                    II. ANALYSIS

¶ 15    On appeal, the plaintiff first argues that it did not have to prove the damages it had incurred because the parties had stipulated to those damages. The plaintiff insists that the stipulation constituted a judicial admission, and, therefore, it did not have to present any evidence to the jury regarding damages. The plaintiff therefore insists that the trial court erred in granting the defendant's motion for a JNOV.

¶ 16    The standard for granting a JNOV is whether the evidence, viewed in its aspect most favorable to the opponent, so overwhelmingly favors the movant that no contrary verdict based on the evidence could ever stand. *Pedrick v. Peoria & Eastern Railroad Co.*, 37 Ill. 2d 494, 510 (1967). A motion for a JNOV presents a question of law and will be granted only if there is a total failure or lack of evidence to prove an essential element of the plaintiff's case. *Rheinheimer v. Village of Crestwood*, 291 Ill. App. 3d 462, 472 (1997). A trial court's ruling on a motion for JNOV is subject to a *de novo* standard of review. *McClure v. Owens Corning Fiberglas Corp.*, 188 Ill. 2d 102, 132 (1999).

¶ 17    A judicial admission is an agreement between the parties or their attorneys with respect to business before the court. *Lee v. Chicago Transit Authority*, 152 Ill. 2d 432, 462 (1992). A stipulation is a type of judicial admission. *National Union Fire Insurance Co. of Pittsburg, PA v. DiMucci*, 2015 IL App (1st) 122725, ¶ 56. A stipulation "has the effect of withdrawing a fact from

issue and dispensing wholly with the need for proof of that fact." *Lee*, 152 Ill. 2d at 462. A stipulation may not be controverted in the case in which it is made. *DiMucci*, 2015 IL App (1st) 122725, ¶ 56. In order for the trier of fact to consider the stipulation, however, that stipulation must be introduced into evidence. See *Hanson v. City of Trussville*, 539 So. 2d 1082, 1083 (Ala. Crim. App. 1988) (when the plaintiff fails to introduce critical evidence, which because of a prior stipulation could have been introduced without any other proof, the plaintiff has failed to make out its case and is not entitled to judgment in its favor). A party seeking damages must present evidence providing a basis for assessing damages and failure to do so is fatal to any action to recover for its loss. *Benford v. Everett Commons, LLC*, 2014 IL App (1st) 130314, ¶ 30.

¶ 18    Here, the plaintiff presented no evidence of damages at trial. Thus, the judgment in its favor was improper. *Id.* The fact that the parties had stipulated to the amount of damages prior to trial is irrelevant if the plaintiff never introduced that stipulation into evidence. *Hanson*, 539 So. 2d at 1083. As there was a total lack of evidence regarding damages, the trial court did not err in granting the defendant's motion for a JNOV. *Rheinheimer*, 291 Ill. App. 3d at 472.

¶ 19    The plaintiff argues that it did not have to introduce the stipulation into evidence because defense counsel acknowledged during his opening statements that damages were not at issue. The plaintiff contends that defense counsel's acknowledgment constituted a judicial admission. We disagree. What constitutes a judicial admission must be decided under the circumstances in each case, and before a statement can be held to be such an admission, it must be given a meaning consistent with the context in which it was found. *Serrano v. Rotman*, 406 Ill. App. 3d 900, 907 (2011). A trial court's determination of what constitutes a judicial admission will not be disturbed absent an abuse of discretion. *Kovac v. Barron*, 2014 Ill App (2d) 121100, ¶ 60. "An abuse of

discretion occurs when the ruling is arbitrary, fanciful, or unreasonable, or when no reasonable person would take the same view." *Favia v. Ford Motor Co.*, 381 Ill. App. 3d 809, 815 (2008).

¶ 20    Here, defense counsel stated that, based on the jury verdict forms, he believed that the plaintiff would present evidence at trial as to the alleged damages. The trial court stated that it had the same understanding. Moreover, the plaintiff's counsel acknowledged that in conducting insurance subrogation cases he had always previously submitted evidence during trial of damages. Thus, as defense counsel's belief that the plaintiff would present proof of damages at trial was reasonable, the trial court did not abuse it discretion in determining that defense counsel's statement during opening arguments did not constitute a judicial admission. *Kovac*, 2014 Ill App (2d) 121100, ¶ 60.

¶ 21    The plaintiff insists, however, that the jury verdict forms cannot undermine the judicial admissions in this case because "all the parties were in error as to the instructions since the parties submitted, and the trial court agreed, to the jury verdict form without the amount of damages." The plaintiff argues that the mistake of leaving the line blank in the jury verdict form was nothing more than a scrivener's error and should have been cured by the trial court so as to not allow the defendant to avoid the stipulation that he had made.

¶ 22    We do not believe that there was anything wrong with the jury verdict forms. Those forms did not become problematic until the plaintiff failed to present any evidence of damages at trial. The plaintiff's failure to present evidence of damages at trial was its unilateral mistake. Moreover, the verdict forms that left the line blank as to the amount of damages cannot be considered a scrivener's error. See *Handelsman v. Handelsman*, 366 Ill. App. 3d 1122, 1135 (2006) (a scrivener's error is a minor mistake that is "mechanical or technical" rather than "decisional or judgmental"); see also *People v. Mast*, 305 Ill. App. 3d 727, 734 (1999) (omission of crucial

representation in defense attorney's Rule 604(d) certificate was not a scrivener's error). Here, the jury verdict form omitted crucial language regarding the amount of damages stipulated to. As the plaintiff was obligated to prove damages (*Benford*, 2014 IL App (1st) 130314, ¶ 30), the omission of that amount cannot be deemed minor (*Handelsman*, 366 Ill. App. 3d at 1135).

¶ 23 The plaintiff next argues that the trial court erred by not submitting the amount of damages to the jury during deliberations in response to their question. The general rule is that, when a trial court receives a question from the jury during deliberations, the court has a duty to instruct the jury further or clarify the point of law that has caused doubt or confusion. *Hojek v. Harkness*, 314 Ill. App. 3d 831, 834 (2000). The trial court may refrain from answering a jury's question when the jury's inquiry involves a question of fact. *People v. Millsap*, 189 Ill. 2d 155, 161 (2000). Further, the trial court should not allow, during jury deliberations, the presentation of new evidence in a manner that avoids evidentiary constraints and cross-examination. *Lombardo v. Reliance Elevator Co.*, 315 Ill. App. 3d 111, 121 (2000). The trial court's determination of how to answer a jury question is ultimately reviewed under an abuse of discretion standard. *Hojeck*, 314 Ill. App. 3d at 834.

¶ 24 Here, the question of how much damages the plaintiff incurred was ultimately a question of fact. *Snover v. McGraw*, 172 Ill. 2d 438, 447 (1996). Although the trial court could have informed the jury about the stipulated amount of damages because that amount could not be contradicted (*DiMucci*, 2015 IL App (1st) 122725, ¶ 56) and thus was not subject to any evidentiary constraints (*Lombardo*, 315 Ill. App. 3d at 121), it was still within the trial court's discretion not to provide the jury that information (*Hojeck*, 314 Ill. App. 3d at 834). As the trial court's reasoning that plaintiff should have submitted its proof of damages during trial was neither

arbitrary, fanciful, or unreasonable (*Favia*, 381 Ill. App. 3d at 815), the trial court's answer to the jury's question did not constitute an abuse of discretion (*Hojeck*, 314 Ill. App. 3d at 834).

¶ 25 The plaintiff's final contention on appeal is that the trial court's judgment is against public policy and the interests of justice. Relying on *Razor v. Hyundai Motor America*, 222 Ill. 2d 75, 110 (2006), the plaintiff argues that the "interests of justice required the plaintiff be given an opportunity to show the proper measure of his or her damages." *Razor* is inapposite to this case. In that case, the plaintiff attempted to submit evidence of its damages in its case in chief, but the trial court improperly prevented the evidence from coming in, which caused the plaintiff to fail to prove his damages claim. *Id.* Here, the trial court did nothing to prevent the plaintiff from introducing evidence of damages during its case in chief. Rather, it was the plaintiff's own fault that it did not introduce any evidence of damages.

¶ 26 The plaintiff further asserts that it was harmed by defense counsel's conduct because defense counsel did not agree that the trial court should answer the jury's question the way the plaintiff wanted. We note that defense counsel owes a duty of loyalty to his client, not the plaintiff. *Evans v. Jeff D.*, 475 U.S. 717, 728 (1986). It was obviously in the defendant's best interests if defense counsel held the plaintiff to its burden of establishing all elements of its case during the trial. That is what defense counsel did by not consenting to the way that the plaintiff wanted the jury's question answered.

¶ 27 Furthermore, we note that defense counsel has a professional obligation of being candid towards the trial court (Ill. R. Prof'l Conduct (2010) R. 3.3 (eff. Jan. 1, 2010)) and being fair to the opposing party and counsel (Ill. R. Prof'l Conduct (2010) R. 3.4 (eff. Jan. 1, 2010)). Defense counsel breached neither of those obligations. Defense counsel did nothing to conceal from the trial court that the parties had stipulated before trial as to the amount of damages. Indeed, the trial

court stated that it was "fully aware" that the plaintiff had not presented a stipulation as to damages to the jury. Moreover, defense counsel did nothing that prevented the plaintiff from presenting that stipulation to the jury.

¶ 28    Additionally, we note that defense counsel's suggestion of how the trial court should answer the jury's question—"that the only evidence that they should be able to consider is the evidence that was presented to them in the trial"—was legally correct. See *Millsap*, 189 Ill. 2d at 161. It is never improper for an attorney to suggest to the trial court that it rule in accordance with the law.

¶ 29    That all being said, we still find this case troubling. Defense counsel stipulated to the amount of damages that the plaintiff was alleging. However, when the trial court asked defense counsel his position on answering the jury question regarding damages, defense counsel gave an answer that ultimately allowed him to evade the consequences of that stipulation. Although defense counsel explained at oral arguments that he was concerned how his client would react if he answered the question differently, we note that his client had previously agreed to the stipulation. We encourage defense counsel to be more cognizant of the importance of honoring agreements and the impact the failure to do so has on the reputation of the legal profession.

¶ 30                                III. CONCLUSION

¶ 31    For the reasons stated, the judgment of the circuit court of Du Page County is affirmed.

¶ 32    Affirmed.